## WILCOX v. JAMISON et al.

No. 3403.   Decided March 6, 1920.   (188 Pac. 638.)

1. LANDLORD AND TENANT—EVIDENCE OF ORIGIN OF FIRE COMPETENT IN ACTION BY TENANT AGAINST LANDLORD FOR INJURIES IN BURNING BUILDING. In a tenant's action against his landlord for personal injuries due to a fire alleged to have occurred through the landlord's negligence, evidence respecting the condition of the building after the fire *held* competent on the issue as to the location of the fire and as tending to locate the place where the fire originated; one of the grounds of negligence being that the fire was caused by the close proximity of a furnace pipe to a wooden floor. (Page 537.)

2. LANDLORD AND TENANT—KNOWLEDGE OF LANDLORD OF ORDINANCE REQUIRING FIRE ESCAPES HELD IMMATERIAL IN TENANT'S ACTION FOR INJURIES. In a tenant's action against a landlord for personal injuries due to a fire alleged to have occurred because of defendant's negligence in maintaining a furnace pipe in close proximity to a wooden floor, it was not error to exclude evidence by defendants that they had no knowledge of the existence of an ordinance requiring the building to be equipped with fire escapes and that they had not been notified that they were required to construct fire escapes; the personal knowledge of defendants as to the existence of the ordinance being immaterial. (Page 538.)

3. LANDLORD AND TENANT—LANDLORD LIABLE FOR FAILURE TO OBEY ORDINANCE REQUIRING FIRE ESCAPE. In tenant's action against a landlord for personal injuries due to a fire in the building, an instruction that, if the landlord violated the ordinance requiring buildings to be equipped with fire escapes and that such violation by itself or in connection with other acts of negligence on his part was the proximate cause of the injuries, then in case the jury found that such injury was not contributed to by plaintiff's negligence plaintiff was entitled to recover, was correct. (Page 539.)

4. LANDLORD AND TENANT—TENANT HELD NOT NEGLIGENT IN CHOOSING BETWEEN HAZARDOUS WAYS OF ESCAPE FROM BURNING BUILD-

ING. In a tenant's action for personal injuries due to a fire caused by the close proximity of a furnace pipe to a wooden floor, that the tenant upon discovering the fire and finding the main hallway full of smoke endeavored to escape by the back stairs, but being unable to gain access to them returned to her apartment, where she was overcome by heat, did not constitute contributory negligence, since one compelled instantly to choose between two hazards is not negligent if he makes a choice a person of ordinary prudence would have made, although injury results therefrom.   (Page 540.)

5. LANDLORD AND TENANT—CONTRIBUTORY NEGLIGENCE OF TENANT ESCAPING FROM BURNING BUILDING HELD QUESTION OF FACT. In a tenant's action against a landlord for personal injuries sustained in a fire alleged to have been caused by the landlord's negligence in maintaining a furnace pipe in close proximity to a wooden floor, evidence *held* to make the question of plaintiff's contributory negligence in endeavoring to escape one for the jury.[1]   (Page 540.)

Appeal from District Court, Third District, Salt Lake County; *John F. Tobin,* Judge.

Action by Ruth Wilcox against Margaret Jamison and another.

Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*Ray Van Cott,* of Salt Lake City, for appellants.

*Willey & Willey,* of Salt Lake City, for respondent.

GIDEON, J.

In January, 1918, the defendants owned an apartment house in Salt Lake City, Utah. The plaintiff, her husband, and one child were then tenants of defendants, occupying an apartment on the fourth floor of said building. The building

[1] *Newton v. O. S. L. R. Co.,* 43 Utah, 219, 134 Pac. 567; *Davis v. R. R. Co.,* 45 Utah, 1, 142 Pac. 705.

was heated by a furnace in the basement. The defendants furnished the fuel to heat the building, and the furnace was under the control of their employé. An iron pipe ten or twelve inches in diameter and about fifteen feet long ran from the furnace to the brick flue or chimney. The chimney carried the smoke from the basement out through the top of the building. On January 6, 1918, fire broke out in the basement, and the plaintiff was severely burned. Plaintiff alleges: (1) Negligence in maintaining the pipe in close proximity to the wooden floor of the building; (2) negligently overheating the pipe on the day of the fire; and (3) negligently failing to provide any fire escape. Defendants denied the negligence, and as an affirmative defense alleged that the injury was the direct and proximate result of plaintiff's own negligence and carelessness. The jury returned a verdict for plaintiff. Defendants appeal. Error is assigned in the admission and exclusion of evidence; also, in giving certain instructions.

A witness for the plaintiff was permitted to testify respecting the condition of the building after the fire—that is, to detail the part burned or damaged by the fire—and also the condition of one or two other apartments located on the first floor. The origin or location of the fire was a question in issue, and this testimony was admitted, and was competent, as tending to locate the place where the fire originated. It was the contention of the plaintiff and one of the alleged grounds of negligence that the fire was caused by the pipe being maintained in such close proximity to the wooden floor immediately above the pipe that this floor became ignited and the fire resulted. The testimony of the janitor, an employé of the defendants, was that the pipe was within twelve or fourteen inches of the floor; that prior to the date of the fire he had spoken to one of the defendants about the size of the furnace and the location of the pipe, and in that conversation had advised such defendant that the furnace was too small to heat the building, and as a result he was required, in extremely cold weather, to so feed the furnace that the pipe would frequently become "red hot." It appears from other evidence that the location of the pipe and the limited space

between the pipe and the floor was known to the defendants. The testimony objected to was competent to establish the contention of the plaintiff that the cause of the fire was the close proximity of the pipe to the wooden floor, and that the defendants' had knowledge of the conditions.

The court refused to permit the defendants to testify that they, or either of them, had no knowledge of the existence of the ordinance requiring buildings such as the one in question to be equipped with fire escapes, and to the further fact that they had never been notified by any officer of Salt Lake City that they were required to construct fire escapes upon the building. It is admitted that the ordinance was in effect at that time and had been for some time previous. Under the authorities, it is wholly immaterial whether the defendants had any personal knowledge of the existence of the ordinance or not. *Rose* v. *King,* 49 Ohio St. 213, 30 N. E. 267, 15 L. R. A. 160; *Arnold* v. *National Starch Co.,* 194 N. Y. 42, 86 N. E. 815, 21 L. R. A. (N. S.) 178.

There was no error committed in either the admission or in the exclusion of testimony.

The ordinance was introduced in evidence. In fact, it was set out in the plaintiff's complaint. Among other things, it provides that—

"Every building of three or more stories in height, and every building used or occupied as a theater, hospital, tenement house, apartment house—above the second story—shall be provided and equipped with metallic fire escapes combined with suitable balconies * * * firmly secured to the outer walls."

The ordinance also provides that such buildings "that are already erected and built, or that may be hereafter erected and built in this city, shall be provided and equipped with fire escapes."

It is admitted that the defendants had not constructed or maintained on the building, or equipped it with, any fire escapes at the date of the accident. It also appears that there was no other means of ingress to or egress from plaintiff's particular apartment save through the front hallway. On the morning of the accident, the fire had rendered it impossible for any one on the fourth floor to leave the building

through that hallway. In the rear of the building there were
stairways leading to the ground, but there was no direct con-
nection between the apartment occupied by the plaintiff and
those stairways. On the contrary, it affirmatively appears
that the only way of obtaining egress by means of those stair-
ways was through an apartment located in the rear of the one
occupied by plaintiff. The plaintiff attempted to make her
escape in that way, but, by reason of her failure to gain ad-
mission into the rear apartment, could not do so.

There is testimony in the record to support plaintiff's con-
tentions on each ground of negligence alleged.

The court instructed the jury that if they found that the
defendants violated the ordinance in question by fail-
ing to provide fire escapes and that such violation, by        3
itself or in connection with other acts of negligence on
the part of the defendants, was the proximate cause of the
injury complained of by the plaintiff, then, in case the jury
found that such injury was not contributed to by her own
negligence, she was entitled to recover. The principle an-
nounced in that instruction is supported by the highest au-
thority. *Hayes* v. *Michigan Cent. R. R. Co.*, 111 U. S. 228, 4
Sup. Ct. 369, 28 L. Ed. 410; *Briggs* v. *New York Cent. & H.
R. R. Co.*, 72 N. Y. 26; *Rose* v. *King*, supra.

It appears that the plaintiff, on awakening in the morning
and on ascertaining that the building was on fire, opened the
door of her apartment leading into the main hallway and
found the hallway full of smoke. Thereupon she rushed to
the rear end of the building in an effort to escape by way of
the back stairs. Being unable to gain access to those stairs,
she came back, turned into her own apartment, and just as
she was entering, became overcome by the heat and as a re-
sult suffered the injuries complained of. The defendants con-
tend that by reason of these acts on the part of plaintiff it
was affirmatively shown that her own negligence contributed
to and was the immediate cause of the injury. The court, in
its fifth instruction, told the jury that where one is placed by
the negligent act of another in such position that he is com-
pelled to choose upon the instant and in the face of great

and impending peril between two hazards, and he makes such a choice as a person of ordinary prudence placed in the same situation would probably have made, and injury results therefrom, the fact that if he had chosen the other hazard he would have escaped the injury does not show negligence. It is in the record that the plaintiff knew that there were no fire escapes, and knew there were no other means of escape from the apartment to the ground except by the front and rear stairways. The instruction as given correctly defines the duty or degree of care required of any one who unexpectedly finds himself in a dangerous situation caused by the negligence of another and is compelled to instantly, and without reflection, decide upon a course of action. The principle or rule of law is stated in 29 Cyc. 521, as follows:

"The rule is well established that, when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties. And this is especially true where the peril has been caused by the fault of another. He will not be held guilty of contributory negligence merely because he failed to exercise the care a prudent person would have exercised, or because he fails to exercise the best judgment, or takes every precaution which he might have taken which from a careful review of the circumstances it appears he might have taken. But if he in good faith acts as a person of ordinary prudence might under the circumstances, he will not be guilty of contributory negligence even by doing an act which is dangerous and from which injury results in attempting to escape danger."

See, also, *Penn. R. R. Co.* v. *Werner,* 89 Pa. 59; *Vallo* v. *U. S. Express Co.,* 147 Pa. 404, 23 Atl. 594, 14 L. R. A. 743, 30 Am. St. Rep. 741; 20 R. C. L. 29.

The court submitted the question of the plaintiff's contributory negligence to the jury under proper instructions, and the jury resolved that issue against the contention of the defendants. Under the facts in this case, reasonable minds might well differ respecting plaintiff's contributory negligence, and whether such negligence, if she was negligent, was or was not excusable, or was the proximate cause of the injury. It was therefore a question for the jury. The

court rightfully submitted the issue to the jury for determination. *Newton* v. *O. S. L. R. Co.*, 43 Utah, 219, 134 Pac. 567; *Davis* v. *R. R. Co.*, 45 Utah, 1, 142 Pac. 705; *Palmer* v. *Dearing*, 93 N. Y. 7.

Other errors are assigned and discussed in the brief of appellants. The matters complained of were in no way prejudicial. There being no reversible error in the record, the judgment is affirmed. Appellants to pay costs.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.