## HARRIS v. PARKS.

No. 3565.   Decided April 3, 1921.   (196 Pac. 1002.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE IN PASSING TO OPPOSITE SIDE OF STREET AT EXCESSIVE SPEED WITHOUT WARNING HELD SHOWN. In motorcycle driver's action for injuries sustained in collision with automobile, in which it was claimed that the automobile, approaching the motorcycle from opposite direction on opposite side of street, crossed street directly in the path of the motorcycle at an excessive rate of speed without warning to motorcycle driver, evidence *held* to sustain finding that automobile driver was negligent.

2. MUNICIPAL CORPORATIONS—EVIDENCE HELD NOT TO SHOW MOTORCYCLE DRIVER INJURED IN COLLISION WAS NEGLIGENT. In action for injuries to motorcycle driver in collision with automobile coming from opposite direction on opposite side of street, in which it was claimed that the automobile crossed the street in

the path of the motorcycle at an excessive rate of speed and without warning to motorcycle driver, evidence, *held* to sustain finding that the motorcycle driver was not negligent.

3. NEGLIGENCE—CARE REQUIRED IN EMERGENCY. Where one is confronted with threatened danger and is suddenly, in an emergency not created by himself, called upon to determine on his course of action, he is not held to the same care and degree of caution that he might be under different circumstances.[1]

4. APPEAL AND ERROR—FINDINGS ON CONFLICTING EVIDENCE SUPPORTED BY SUBSTANTIAL EVIDENCE NOT REVIEWABLE. Findings of court on conflicting evidence, where there is substantial evidence to support them, will not be reviewed on appeal.

Appeal from the District Court, Third District, Salt Lake County; *Wilson McCarthy*, Judge.

Action by A. V. Harris against M. B. Parks. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Ray Van Cott*, of Salt Lake City, for appellant.

*Bagley, Fabian, Clendenin & Judd*, of Salt Lake City, for respondent.

GIDEON, J.

The complaint charges the defendant with negligence in driving an automobile in front of plaintiff's motorcycle, resulting in a collision causing injury to plaintiff and damage to his motorcycle.

The defendant denies the negligence, the injury, and the damage. The answer alleges negligence on the part of plaintiff in recklessly and dangerously driving his motorcycle at an excessive rate of speed; also that such negligence and want of ordinary care in failing to observe the defendant's

---

[1] *Cheney* v. *Buck*, 56 Utah 29, 189 Pac. 81; *Wilcox* v. *Jamison*, 55 Utah 535, 188 Pac. 638.

automobile and in failing to reduce the speed of plaintiff's motorcycle and in failing to change his course of travel caused the injury.

The defendant counterclaimed, asking judgment against plaintiff for damage done to her automobile.

The case was tried to the court without a jury. The court, among other things, found that at the time of the accident the plaintiff was riding eastward on a public street of Salt Lake City at a speed of approximately 12 miles an hour. The defendant was driving an automobile westerly along the north side of the same street. The defendant suddenly, without warning, without regard to the rights of other vehicles on said street, and while traveling at a great and negligent rate of speed, to wit, 18 miles an hour, turned and drove her automobile to the south side of the street, thereby colliding with plaintiff's motorcycle, by reason of which the plaintiff sustained personal injuries and his motorcycle was damaged. Judgment was rendered for such injjury and damage.

It is the contention of appellant that the court's findings are against the overwhelming weight of the evidence and are therefore without any support. It is not claimed that, if there is substantial evidence in the record to support the court's findings, such findings do not justify the conclusiions and the judgment of the court.

It would subserve no good purpose to review the testimony in detail. Suffice it to say that on the afternoon of the accident the plaintiff was traveling eastward on the south side of Fourth South street, in Salt Lake City. Said street runs east and west and is a wide paved street, 72 feet from curb to curb, and has a double street car track located in the center. The defendant was driving her automobile westerly on the north side of said street. About the time plaintiff reached the center of the block defendant turned her car to the south with a view of visiting a friend who resided on the south side of that street. While making the turn, and after she had passed to the south side of the street car tracks, the collision or impact occurred. It is the testimony of the

plaintiff and witnesses testifying in his behalf that he was
proceeding at a reasonable rate of speed and that suddenly,
and without any warning, the defendant, who was driving
her automobile at a rate of speed estimated at from 15 to 20
miles an hour, drove from the north side to the south side
of said street and directly in the path of plaintiff.   The
plaintiff testified that no warning was given or anything done
to indicate the intention of the defendant to pass to that
side of the street; that immediately upon observing the car
turn in that direction he applied the foot brake to his motor-
cycle and changed his course to the northeast in an effort
to avoid running into or colliding with defendant's car;
that notwithstanding such effort on his part he was unable
to stop his motorcycle or to veer it around to the north suf-
ficiently to miss the impact with the defendant's automobile.
He also testified that he did not observe the defendant turn
her car until he was within some 8 or 10 feet of the same.
The acts of the defendant, as testified to by plaintiff
and his witnesses, would constitute negligence and        1
want of ordinary care on her part in the operation
of the automobile.   True defendant testified to a different
state of facts.   The court, however, found the facts substan-
tially as delineated by plaintiff and his witnesses.

It is likewise contended by appellant that plaintiff was
guilty of contributory negligence in not passing to the south,
or in front, of the automobile.   It is evident not only from
plaintiff's testimony that he attempted to avoid the collision
by passing to the north or rear of car, but that fact is cor-
roborated by the location or place of the impact.   The front
wheel of the motorcycle struck the fender of the automobile
about 12 inches from the rear of the car.   Where one is
confronted with threatened danger and is suddenly in     2, 3
an emergency not created by himself, called upon to
determine on his course of action, he is not held to the same
care and degree of caution that he might be under different
circumstances.   *Cheney* v. *Buck,* 56 Utah 29, 189 Pac. 81;
*Wilcox* v. *Jamison,* 55 Utah 535, 188 Pac. 638.

Counsel for appellant is emphatic, both in his oral argu-

ment and in his written brief, that not only are the court's findings contrary to the evidence, but that the same are at war with the physical facts and circumstances surrounding the accident. He reiterates the claim that the proof shows conclusively that plaintiff was driving his motorcycle at a dangerous rate of speed, and that such fact was responsible for the accident. It is undisputed that plaintiff was driving east on the south side of a wide street. The defendant was driving west on the north side of the same street. There were no obstructions to prevent defendant from observing and seeing the plaintiff as he speeded eastward in his reckless ride. Notwithstanding that fact, if the contention of counsel is correct, his client, in the exercise of all due care, and with an eye only to the safety of herself and all others who might be in that immediate vicinity, turned her car and drove the same across the street right in the path of this speeding demon. The result was what might have been expected. We are unable to agree with counsel that the court's findings are at war with the physical facts and circumstances surrounding the accident.

After all, this is another one of these cases where the court made findings upon conflicting evidence and where there is substantial evidence to support the findings. This court, therefore, is not authorized to review such findings to determine the weight of the evidence.

There is no error in the record.

The judgment is affirmed, with costs.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.