## KENDALL et al. v. FORDHAM et al.

No. 5062. Decided March 16, 1932. (9 P. [2d] 183.)

*J. W. Robinson,* of Provo, and *Romney & Nelson,* of Salt Lake City, for appellants.

*Will L. Hoyt,* of Nephi, for respondents.

ELIAS HANSEN, J.

This action was brought to recover damages for the alleged negligence of the defendant in causing a fire which burned up a wheat field of about 93 acres belonging to the plaintiffs. Louis S. Beckett was originally made a party defendant, but the action as to him was dismissed. The cause was tried to a jury who returned a verdict in favor of the plaintiffs for the sum of $800. Judgment was entered for the amount of the verdict. A motion for new trial was made and denied. The defendant appeals. He seeks a reversal of the judgment because of alleged error of the trial court in refusing to direct a verdict in his favor, in refusing to give some of defendant's requested instructions to the jury and in misdirecting the jury as to the law applicable to the evidence. Complaint is also made because of rulings of the court below on the admission and rejection of evidence.

Plaintiffs allege in their complaint that the fire which destroyed their wheat field was caused by the negligence of the defendant in the following particulars: That defendant negligently drove his automobile upon plaintiffs' premises; that he negligently left his automobile standing upon a portion of the plaintiffs' land which was covered with a growth of dry June grass immediately adjoining plaintiffs' wheat field; that at the time the defendant parked his automobile on plaintiffs' premises the automobile was smouldering with a fire kindled by a lighted match or a burning cigarette negligently dropped or left in the automobile by defendant, or because of defective wiring in the automobile; that, upon returning to his automobile after being elsewhere for about half an hour, defendant discovered

that his automobile was smouldering with fire, and upon discovering the fire defendant called to H. M. Carter to assist him in extinguishing the fire, and that defendant and Carter negligently, and in disregard of the obvious danger of fire spreading to plaintiffs' wheat field, threw numerous burning fragments and particles of burning material out of the automobile into the dry grass adjoining plaintiffs' wheat field, thereby igniting the grass and causing the damage complained of; that the defendant negligently failed to extinguish the fire in the grass, but on the contrary permitted it to spread to and destroy plaintiffs' wheat field; and that defendant negligently failed to push his automobile away from plaintiffs' wheat field after he discovered the automobile was burning.

The following is a brief summary of the facts established by the evidence: The wheat field involved in this controversy was located on the Levan bench, a few miles south of Nephi, in Juab county, Utah. The defendant met H. M. Carter on a street of Nephi. Defendant asked Mr. Carter to accompany him to plaintiffs' farm. Mr. Carter consented. Defendant, accompanied by Mr. Carter, drove out to plaintiffs' farm in defendant's automobile, a Hudson coach. They left the car standing on plaintiffs' premises near the wheat field and walked over to where one of the plaintiffs was engaged in repairing a combine harvester. After defendant and Mr. Carter had been in the wheat field for a period of time, variously estimated by the witnesses as being from one to two hours, they commenced to return to the automobile. At about the time they started to walk back to the automobile, a high wind begun to blow from the northeast toward the southwest. As they were returning to the automobile they discovered that it was burning. The fire was in the front part of the automobile. A blaze was coming out of the ventilator in front of the windshield. Upon discovering the fire, defendant and Mr. Carter ran to the automobile and proceeded to put out the fire by throwing dirt on it and smothering it with burlap sacks.

Soon after defendant and Mr. Carter began working to put out the fire in the automobile, a fire started in the dry cheat or June grass near the automobile. Almost immediately the fire spread to plaintiffs' wheat field and despite anything that could be done, about 93 acres of the wheat was destroyed. One of plaintiffs testified that, as soon as he discovered that the automobile was on fire, he holloed to the defendant and Mr. Carter to push the automobile back away from the grain field. Defendant and Mr. Carter testified that they did not hear the plaintiff hollo. There is no competent evidence tending to show that the defendant and Mr. Carter were able to push the automobile away from the grain field. The testimony of two of plaintiffs' witnesses is to the effect that either the defendant or Mr. Carter threw a burning pad out of the automobile onto the June grass, thereby causing the fire, and that the burning pad could readily have been thrown on to nearby ground which was not covered with combustible material. The testimony of defendant and Mr. Carter is to the effect that the fire in the June grass and wheat field started before any of the pad was thrown out of the automobile.

The trial court submitted to the jury for its consideration and determination the question of whether or not the defendant was negligent as to each and all of the alleged acts of negligence charged in the complaint. Defendant requested the court to charge the jury that there is no evidence that the starting of the fire in defendant's automobile was due to the negligence of the defendant, and also that the alleged negligence of the defendant in parking his automobile near plaintiffs' wheat field was withdrawn from the consideration of the jury. The refusal of the court to so instruct the jury is assigned as error. The law is well settled in this jurisdiction, as well as elsewhere, that it is reversible error for a court to submit a charged act of negligence to a jury for its consideration and determination in the absence of evidence tending to show the existence of the negligence complained of. *Fowkes* v. *J. I. Case Threshing*

*Mach. Co.*, 46 Utah 502, 151 P. 53. There is no evidence in this case which tends to show what started the fire in defendant's automobile, and therefore the court was in error in permitting the jury to speculate as to its origin. The burden was on the plaintiffs to produce some proof that the fire in defendant's automobile was caused by the negligence of the defendant before they were entitled to have that question submitted to the jury. The law appplicable to a state of facts such as is here presented is thus stated in 11 R. C. L. 955:

> "It is the well established general rule that the destruction of property by fire, either upon the premises where it starts or is kindled, or on other property to which it is communicated, does not raise a presumption of negligence, either in the kindling or management of the fire, and that in all such cases the burden of proof is upon the plaintiff to show that the damage was caused by the negligence of the party kindling the fire or allowing the same to spread. Negligence or misconduct, being the gist of the action, must be proven. The circumstances under which a fire occurs may, however, sometimes be such as to justify the application of the doctrine of res ipsa loquitur, and impose upon the defendant the burden of proving his freedom from fault."

No claim is here made, nor can the claim be successfully maintained, that the doctrine of res ipsa loquitur has any application to the facts disclosed by the evidence in this case, nor can it be said that parking an automobile on or near dry June grass adjoining a wheat field is an act of negligence. There is likewise no evidence that the automobile was smouldering with fire when the defendant and Mr. Carter left it to go over to where one of the plaintiffs was engaged in repairing his combine harvester. The Court was in error in submitting these alleged acts of negligence to the jury. Such errors require a reversal of the judgment. Defendant also complains because the trial court refused his request that the jury be instructed to find a verdict of no cause of action. There is some evidence tending to support the charged negligence of the defendant in throwing fragments of burning material out of his automo-

bile on to the dry grass adjoining plaintiffs' wheat field, thereby igniting the grass and causing the damage complained of. If the jury believed that the fire was kindled by the defendant throwing burning material in the grass, then and in such case the fact that defendant's automobile was in danger of being destroyed, and that the defendant was suddenly confronted with an emergency, is a circumstance which the jury should take into consideration in determining the ultimate question of whether the defendant was or was not negligent in throwing the burning pad into the dry grass. *Harris* v. *Parks,* 58 Utah 42, 196 P. 1002; *Cheney* v. *Buck,* 56 Utah 29, 189 P. 81; *Wilcox* v. *Jamison,* 55 Utah 535, 188 P. 638. The law applicable to a case where one is suddenly confronted with an emergency is thus stated in 45 C. J. 710:

"Where one is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinary prudent man would exercise when confronted by a like emergency, he is not liable for an injury which has resulted from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the injury, as under such circumstances the injury is regarded as an inevitable accident. The arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care, but is merely one of the circumstances which is proper for consideration in determining whether ordinary care has been exercised, and if one's conduct did not measure up to the standard of ordinary care under the circumstances in which he found himself, he is chargeable with negligence notwithstanding the existence of the emergency. In this connection his conduct is not necessarily to be judged according to the circumstances as they appeared to him, the proper test being how the circumstances ought to have appeared to him in the exercise of reasonable care. The sudden emergency doctrine is most frequently invoked on behalf of a plaintiff who relies on a sudden emergency to relieve him from the imputation of contributory negligence, and it has even been intimated that the doctrine is limited to such cases and can only be invoked by a plaintiff, but the accepted view is that the doctrine is equally applicable when the question is one of negligence on the part of a defendant."

Appellant also complains because the court submitted to the jury for its consideration and determination the question of whether or not Mr. Carter was an agent of the defendant while engaged in assisting the defendant in extinguishing the fire in the automobile. There is ample evidence in the record to justify a finding that Mr. Carter was acting as the agent of the defendant while assisting in extinguishing the fire in the automobile. Defendant in his answer as originally drawn alleged that he called to Mr. Carter to assist in putting out the fire in the automobile, and the evidence shows without conflict that Mr. Carter did so assist. The objection and exception made in the court below to the instruction submitting to the jury the question of whether Mr. Carter was or was not the agent of the defendant was directed to the whole of the instruction. Counsel urge at considerable length in their briefs that certain parts of the instruction are objectionable. If the appellant desired to attack only parts of the instruction he should have directed the trial court's attention to such parts.

"An exception to an instruction must point out the part that is bad, unless the whole instruction is bad, and, part of the instruction being good, an exception to it as a whole is insufficient. While an exception to an instruction must point out the part of the instruction that is bad, it need not give any reason why it is bad."

The above quotation is from the syllabus of the case of *Farnsworth* v. *Union Pacific Coal Co.*, 32 Utah 112, 89 P. 74. Such is the well-established law in this jurisdiction.

Plaintiffs seem, by both their pleading and evidence, to complain because the defendant put out the fire in his automobile before he attempted to assist in retarding the spread of the fire in the wheat field, and likewise the defendant in his answer charged the plaintiffs with contributory negligence because they did not attempt to retard the spread of the fire. There is no merit to either of these contentions. The evidence shows without conflict that the fire was out of control almost immediately after it started in the grass. The witnesses all testified that the heat from the fire after

it reached the wheat field was so great that it was impossible to combat it.

Appellant has not argued any of his assignments of error which are founded upon the admission and rejection of evidence, and therefore they are deemed waived. ■

The judgment is reversed, and the cause remanded to the district court of Utah county, with directions to grant a new trial. Appellant is awarded costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.