## BUSHNELL et al. v. TELLURIDE POWER CO.

No. 2942.

Circuit Court of Appeals, Tenth Circuit.

Nov. 14, 1944.

Rehearing Denied Dec. 30, 1944.

Willard Hanson, of Salt Lake City, Utah (Stewart M. Hanson, of Salt Lake City, Utah, on the brief), for appellants.

P. T. Farnsworth, Jr., of Salt Lake City, Utah (H. R. Waldo, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Telluride Power Company brought this action against I. Ernest Bushnell, Ura Bushnell, and J. Leo Stott to recover damages. It was alleged in the complaint that defendants negligently and without authority of law started a fire on certain land in Millard County, Utah, covered with sagebrush and other inflammable material; that some of the land was part of the public domain of the United States, some was owned by the State of Utah, and some was in private ownership, but none was the property of the defendants; that the land was within a duly created fire district; that the fire was started during a closed season, and without the defendants having secured a written or printed permit from the chief fire warden of the state, or one of his deputies; that after it was started, the defendants negligently failed to extinguish it, but carelessly and negligently permitted it to spread beyond their control; and that it destroyed a transmission power line of the plaintiff.

By answer the defendant I. Ernest Bushnell pleaded that he owned land in Millard County; that he had entered into negotiations with the United States for the exchange of certain lands; that in pursuance of such negotiations and agreements, he had

been instructed by those in charge of the land of the United States to take possession of it, which he did; that before such land could be planted or put to any beneficial use, it was necessary to burn off the brush, weeds, and grass; that he constructed a fire lane and took the ordinary precautions to confine the fire; that he applied to the fire warden for a permit to burn such brush, weeds, and grass, that the fire warden did not have any permits with him but told the defendant that it would be granted and that he might proceed on the assurance; that relying upon such assurance the fire was started; that after it had been burning for several hours, an unusual wind of hurricane proportions arose; that despite the exercise of every reasonable precaution for its control, the fire escaped and spread for some distance before it was extinguished; and that therefore if any property belonging to plaintiff was destroyed, it was without negligence or other fault of the defendant. Defendant Ural Bushnell answered that he was employed by the defendant I. Ernest Bushnell to assist in the burning of the brush, weeds, and grass on land which he was advised and understood was under the control of the defendant I. Ernest Bushnell. And he further pleaded substantially the same facts respecting the extraordinary wind, the exercise of reasonable care to control the fire, and its escape despite such care. The defendant Stott answered that the defendant I. Ernest Bushnell advised him that all necessary arrangements had been made for the fire, and requested that the defendant Stott bring some of his men and assist with it; that he understood the requisite permission to clear the land had been granted; and that with such understanding he did assist. And he likewise pleaded that if the fire destroyed property of plaintiff it was due to matters and things beyond his control.

The evidence did not present any issue respecting the extent of the damage which plaintiff had sustained, if the defendants were liable. At the close of all the evidence each party moved for a directed verdict. The court sustained the motion of plaintiff, the directed verdict was returned, judgment was entered, and defendant appealed.

■■ It is contended that the evidence failed to show negligence on the part of the defendants below in starting the fire or in failing to prevent its spread, and there-

fore the court should have directed a verdict for the defendants. It is further contended that the question of negligence in either respect was a question of fact which should have been submitted to the jury. These contentions may be considered together. It is the general rule that persons in the lawful use of fire must exercise ordinary care in the circumstances to prevent it from injuring others. Liability in damages for injuries to others resulting from fire is predicated upon negligence. In the absence of a controlling statute establishing a different standard, an action for damages will not lie unless there was negligence on the part of the person charged, and the burden of proof rests on plaintiff to show the negligence. Kendall v. Fordham, 79 Utah 256, 9 P.2d 183; Orander v. Stafford, 98 W.Va. 499, 127 S.E. 330, 42 A.L.R. 780; Cobb v. Twitchell, 91 Fla. 539, 108 So. 186, 45 A.L.R. 865.

■■ There is no need to review the evidence at length. If this were an ordinary action at common law for the recovery of damages proximately caused by actual negligence apart from any pertinent statutory provision, the evidence relating to the circumstances under which the fire was started, that relating to the failure to extinguish it, and that relating to the circumstances under which it crossed the fire lane and subsequently spread to the property of the plaintiff, would have required the submission of the question of negligence to the jury, under appropriate instructions. But in presently material respect, section 5, chapter 7, title 19, Utah Code 1943, authorizes the appointment of a chief forester-fire warden, empowers him to appoint deputy fire wardens, and provides that the sheriff in each county and his deputies shall be ex-officio deputy fire wardens; section 6 authorizes the establishment of fire districts; section 7 declares that a fire within a fire district burning uncontrolled and without adequate and proper precaution being taken to prevent its spread is a nuisance, and authorizes its summary abatement; section 8 makes it a misdemeanor negligently to expose to danger or destruction by fire any growing trees, shrubs, brush, grass, undergrowth, or cultivated crops on land, public or private, not his own property, or negligently to set on fire or cause to be set on fire any such trees, shrubs, grass, brush, undergrowth or cultivated crops; section 9 provides that any one who wilfully exposes any growing trees,

shrubs, brush, grass, undergrowth, cultivated crops, or other property on land, public or private, not his own property, to danger of destruction by fire, or who wilfully sets on fire or causes to be set on fire such trees, shrubs, brush, grass, undergrowth, cultivated crops, or other property shall be punished by fine or imprisonment as therein specified; and section 11 authorizes the establishment of closed seasons within fire districts, and provides that during a closed season it shall be unlawful to set on fire or cause to be set on fire any inflammable material on any forest land, brush land, grass or range land, grain, stubble or hay land, or to set any fire for the purpose of clearing either his own or the property of another, without first securing written or printed permit from the chief fire warden or one of his deputies and complying fully with the terms and conditions thereof. Some of the land on which the fire was started by applying lighted torches to the grass belonged to the State of Utah and some belonged to the United States. None of it was the property of the defendants. All of it was within a fire district, and the fire was started during a closed season without any written or printed permit. Whether the violation of a statute or ordinance constitutes negligence per se depends in large measure on the nature of the law or ordinance. If it lays down a reasonable rule or regulation of conduct specifically designed for the safety and protection of persons or property, the violation of it proximately resulting in injury constitutes negligence per se. Smith v. Mine & Smelter Supply Co., 32 Utah 21, 88 P. 683. Section 11, supra, authorizing the establishment of closed seasons and forbidding the starting of a fire on any grass or range land, without first securing a permit and complying fully with its conditions, is a reasonable measure designed to protect life, limb, and property. The defendant I. Ernest Bushnell had a conversation with a deputy fire warden in respect of a permit authorizing him to burn the area in question. The two differed as to what was said. Defendant Bushnell testified that the deputy fire warden told him to go out some morning and start the fire, and that when the deputy saw the smoke he would come out and give the permit. The deputy testified that he said when the fire lane was finished and arrangements were completed to give him a ring or let him know and he would come down and give Bushnell the permit on the ground. But the conflict in the testimony is immaterial. The fire was begun without the written or printed permit required by the statute. And the starting of it without a permit constituted negligence. Smith v. Mine & Smelter Supply Co., supra; Rogers v. Rio Grande Western R. Co., 32 Utah 367, 90 P. 1075, 125 Am.St.Rep. 876; Jensen v. Utah Light & R. Co., 42 Utah 415, 132 P. 8; Newton v. Oregon Short Line R. Co., 43 Utah 219, 134 P. 567.

The remaining contention is that any negligent act or omission of the defendants in the court below was not the proximate cause of the fire getting beyond control with the resulting damage to plaintiff; and that instead the sudden rising of a wind of hurricane proportions was the cause. Damage resulting solely from an act of God does not create liability. There is no remedy for an injury of that kind. But it has already been said that the starting of the fire without a permit constituted negligence, and where a storm or other act of God unites or commingles with the negligence of the defendant as an efficient and concurring proximate cause, and the injury would not have occurred except for the negligence, the defendant will be held liable. Dippold v. Cathlamet Timber Co., 111 Or. 199, 225 P. 202; Richards v. Kansas Electric Power Co., 126 Kan. 521, 268 P. 847; Williams v. Columbus Producing Co., 80 W.Va. 683, 93 S.E. 809, L.R.A. 1918B, 179; Kindell v. Franklin Sugar Refining Co., 286 Pa. 359, 133 A. 566; Ford v. Wabash Ry. Co., 318 Mo. 723, 300 S.W. 769; Clark's Adm'r v. Kentucky Utilities Co., 289 Ky. 225, 158 S.W.2d 134.

The judgment is affirmed.