## OLSEN, et al. v. WARWOOD, et al.

No. 7789. Decided April 15, 1953. (255 P. 2d 725.)

See 79 C. J. S., Schools and School Districts, sec. 440. Liability for injury to child by school bus. 47 Am. Jur., Schools, sec. 57; 160 A. L. R. 197.

*J. Rulon Morgan,* Provo, *Elias Hansen,* Salt Lake City, for appellant.

*Stewart, Cannon & Hanson,* Salt Lake City, *Ernest F. Baldwin, Jr., Rex J. Hanson* and *Don J. Hanson,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Appeal from a judgment on a verdict in favor of the defendant, Warwood, and against plaintiff, no cause of action.

Plaintiff, a 6-year old school child, was run over by the right rear wheels of a school bus from which he had just alighted. His father, as guardian ad litem, brought this action against the driver of the bus, Sheldon T. Warwood, and against the Board of Education of the Alpine School District who, at the time of the accident, owned and operated the vehicle. The action was dismissed by the court below, on motion of the defendant's counsel, as to the Board of Education and the individual members of such board. No question is here raised as to the correctness of this ruling. The case was submitted to the jury on the issue of the negligence of the driver, defendant Warwood. Plaintiff's assignments of error are directed to the failure of the court to give a requested instruction and upon claimed errors in certain instructions given.

Plaintiff by the complaint as finally amended, after alleging that he was a passenger on the school bus being driven by the defendant, set forth the alleged negligence of the driver in the following paragraph:

"That while plaintiff was such passenger and at said time and place aforesaid, when in the act of getting out of and off from the said school bus, and being still thereon, to wit: on the steps thereof, the said school bus was, through the carelessness and negligence of the said defendant suddenly started and put in motion wihout giving plaintiff sufficient time to safely get off, and in consequence of the negligence and carelessness of the defendant in the running and the operating of said school bus the plaintiff was thrown from the bus, underneath the same, and the defendant then and there negligently drove said school bus upon and over the plaintiff Ronald Ralph Olsen."

Plaintiff's testimony supported the foregoing allegation. He testified that while one foot was on the lower step of the bus and the other foot on the ground the bus was put in motion by the driver and he was thrown under the bus and run over by the right rear wheel. He was corroborated by the testimony of a little girl who was at that time sitting in the bus. On the other hand, the defendant driver testified that after stopping the bus at the accustomed place he opened the door by means of a lever provided for such purpose, whereupon Ronald and two other children alighted. They were, according to his testimony, some 5 feet away from the side of the bus when he closed the door and then put the bus in motion. This was all of the evidence as to how the accident happened. We discuss the assignments of error in light of the recited allegation and the stated evidence.

Appellant's first assignment of error raises the issue as to the degree of care required of a school bus driver. The lower court refused an instruction requested by appellant to the effect that defendant Warwood was required to exercise a high degree of care to enable the plaintiff to alight and move from the bus in safety; that the degree of care required was such as a very prudent,

careful and competent person would exercise under similar circumstances. In lieu thereof the trial court instructed:

"In determining whether or not, at the time and place alleged, the defendant used reasonable care, you may take into consideration the type of vehicle he was operating, its purposes, the number and ages of its passengers, * * * and any and all other facts and circumstances shown by the evidence affecting the care which a reasonable and prudent person under like conditions and circumstances would use."

We shall assume, without here deciding, since it is not necessary to a decision on the point, that the requested instruction was substantially correct. However, the failure of the court to give such request could in no way prejudice the defendant in view of a specific instruction directed to the very fact put in issue as to the conduct of the defendant. By instruction No. 8 the court directed the jury as follows:

"If you find from a preponderance of the evidence that the bus driven by the defendant did not stop long enough for the plaintiff to have alighted therefrom and get away from the bus in safety, and if while the plaintiff was endeavoring to get off and away from said bus, it was started, and if by reason thereof plaintiff was caused to fall and was run over and was injured, then you will find for the plaintiff."

Thus the jury was instructed that if they found the conduct of the driver of the bus to be such as was alleged in plaintiff's complaint and testified to by him and his witness they should find a verdict for him. Confronted by this specific direction, the jury would be little aided by any definition as to the degree of care imposed upon the driver of a school bus. They could not be misled by an instruction which failed to define the full measure of his duty abstractly, when the court instructed that if he did as alleged by the plaintiff he violated that duty.

Appellant's second contention is that the court erred in instructing the jury that they could not return a verdict in favor of the plaintiff and against the defendant unless

the number of jurors required to reach a verdict agree as to the defendant's negligence, upon the same act or acts, or upon the same failure to act. It must be conceded, even assuming such an instruction to be proper where distinct fact situations involving negligent conduct are submitted to a jury, it was not called for in this case. Either the bus was started before Ronald was safely away from it as testified to by him, or it was not started until he was in a place of safety, as testified to by the defendant. Hence, it was error to so charge the jury. However, the very sharp conflict in the evidence on this one vital matter, taken in connection with Instruction No. 8 quoted hereinabove, leads us to conclude that the jury could not possibly be misled thereby to the prejudice of the plaintiff.

Appellant also contends there is no evidence in the record showing that plaintiff ran or moved towards the bus and hence it was prejudicial error to instruct that:

"If therefore you find from the evidence that after the plaintiff * * * had been discharged from said vehicle and that thereafter when said vehicle started in motion Ronald Olsen ran toward the side of the bus near the right wheels at a time and in a place where defendant could not see him then your verdict must be in favor of the defendant and against the plaintiff."

It is well settled in this jurisdiction that an instruction must be based on evidence, and that it is prejudicial error to submit a charged act of negligence to a jury for its consideration in the absence of evidence tending to support a finding that the act occurred. *Smith* v. *Clark*, 37 Utah 116, 106 P. 653, 26 L. R. A., N. S., 953, and see *Griffin* v. *Prudential Ins. Co.*. 102 Utah 563, 133 P. 2d 333, 144 A. L. R. 1402; *Kendall* v. *Fordham*, 79 Utah 256, 9 P. 2d 183. Likewise it is well settled that the court may not permit the jury to speculate upon the evidence and that a finding of fact cannot be based upon surmise, conjecture, guess, or speculation. *Jackson* v. *Colston*, 116 Utah 295, 209 P. 2d 566; *Dern Inv. Co.* v. *Carbon*

*County Land Co.*, 94 Utah 76, 75 P. 2d 660. It is manifest, however, that a jury may find any fact which must reasonably and of necessity flow from other facts which are in evidence.

There is no testimony in the record stating that plaintiff ran or walked into the side of defendant's bus. Defendant, however, did testify that he brought the bus to a complete stop; that the children, including plaintiff, were permitted to disembark from the right front ■ door in safety; that he observed the plaintiff a good five feet out and away from the bus before the vehicle was put back into motion; that the vehicle proceeded on and away from plaintiff's position; and that he observed no child or person close enough to plaintiff to push or throw him under the wheels. This testimony along with the admitted fact that plaintiff was run over by the right rear wheels of the bus is sufficient to support an inference that plaintiff ran or walked toward the bus after it regained forward motion. No other inference can be drawn from defendant's testimony stating plaintiff was five feet away from the vehicle; was not thrown or pushed under the vehicle by a third person or object; was not driven into by the vehicle; and yet was run over by the rear wheels of such conveyance. The instruction permitting the jury to make such an inference was not based on non-evidentiary facts, nor did it permit a finding based on surmise, conjecture, or speculation. Such instruction though not a model one under the facts before the trial court, did allow a logical and reasonable finding to be made which was based on testimony properly in evidence. Therefore, no prejudicial error was committed in giving it.

Appellant's final contention of error is that the trial court erred in giving Instruction No. 11, which ■ stated:

"In weighing the evidence adduced in this cause pertaining to defendant's alleged negligence, it is your duty to consider it under all of the facts and circumstances existing at the time of the accident,

and not to consider it as you would in looking back upon the event from this later date. Quite ordinarily, individual actions in any given set of circumstances may disclose faults and criticisms when looked back upon and tested by cool and deliberate thinking away from the event, which would not be apparent to a reasonable and prudent person at the time he is surrounded by the circumstances of the accident. Thus the question is whether or not the defendant at the time of the accident, and surrounded by all of the circumstances shown by the evidence to have surrounded him at such time, acted in all respects as a reasonable and prudent person would act. If he did so act, he was not negligent, and therefore, he is not responsible for damages resulting from the accident. But if he did not so act in any particular alleged in the pleadings then he was negligent, and is charged with all damages proximately caused by such negligence."

Appellant contends this instruction was argumentative and that, in effect, the court was commenting on the weight of evidence. As we read it, the instruction lays down a correct rule of law, i. e., that the jury should consider the facts and circumstances surrounding the accident as they existed at the time of mishap. The instruction comments on no issues of fact nor does it infer that any particular result is to be reached by the jury. It weighs no evidence and balances no equities. It merely says that in weighing evidence the jury must view the situation in light of the factors confronting the defendant at the time of the occurrence, and then leaves the jury the question as to whether defendant acted as a reasonable and prudent man. This being so, there is no error in giving this instruction. The judgment of the lower court is affirmed. Costs are awarded to the respondents.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.