354 P.2d 564

**Elmer HANKS, Plaintiff and Appellant,**

v.

**lMark CHRISTENSEN, Defendant and Respondent.**

No. 9190.

Supreme Court of Utah.

Aug. 1, 1960.

Frazier & Judd, Provo, for appellant.

Morgan & Payne, Provo, for respondent.

CROCKETT, Chief Justice.

The plaintiff sued the defendant for negligence in setting brush fires which spread and damaged the fences and forage on plaintiff's grazing land. From adverse jury verdict and judgment thereon plaintiff appeals.

The plaintiff essays the position that the evidence compels a finding that the defendant was negligent, and that the court should have so instructed the jury. He also charges that the trial court erred in connection with the jury instructions (1) in the procedure in handling the requests; (2) in giving incorrect instructions; (3) and in submitting special interrogatories.

The parties owned adjacent tracts of uncleared land in the foothills of the Wasatch Mountains in southeast Utah County. In connection with clearing his land of scrub oak, which abounds in those foothills, the defendant obtained a permit from the State Board of Forestry and Fire Control to burn, and on the morning of October 18, 1958, lit fires to brush and other debris which he had previously cut and piled. These foothills being a dry and brushy area, firebreaks about 12 to 16 feet in width had previously been cut by a bulldozer. One of them lay between the fires and plaintiff's property.

Defendant was in the area tending the fires throughout the day. In the afternoon he and his wife found one of the fires spreading toward the firebreak next to the plaintiff's land. They tried to put it out by throwing dirt with shovels and stamping the blaze with their feet, but due to a wind which had come up it became evident that they could not control it, so the defendant went in his jeep to the nearest town, Salem, to obtain help. By the time he returned with the fire department the fire had crossed the firebreak where dry leaves had blown into it and was on plaintiff's property and beyond control. Fire departments of other neighboring communities, Spanish Fork and Payson, and volunteers joined in fighting the fire until the next evening, when it began to snow, which aided in finally subduing it.

Upon the basis of the foregoing facts the jury refused to find the defendant negligent and rendered a verdict in his favor. Reviewing the disputed evidence in the light most favorable to the defendant, as we are obliged to do, it is beyond question that the verdict is supported by substantial evidence,

and under traditional rules is invulnerable to attack.[1]

 The first charge of impropriety in the procedure relating to the jury instructions is that the court required plaintiff's counsel to submit proposed instructions during the trial and before he rested his case. Rule 51, U.R.C.P. reads in part:

> "At the close of the evidence or at such *earlier time* during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in said requests * * *." (Emphasis added.)

The rule reflects the practice which has long been followed. It recognizes the role of the trial judge as the authority in charge of the jury trial;[2] and responsible for carrying it forward as efficiently and expeditiously as possible consistent with fairness and thoroughness in administering justice. It is obvious that if he did not receive the requests until all of the evidence was in, he would be confronted with an almost insuperable task and that there would be undue delays requiring the jury to wait until the instructions could be prepared. However, it must also be appreciated that counsel is faced with some difficulties, particularly where changes in issues, or aspects of the evidence, occur during the trial. In order to cope with these problems adequately there must be some comity between the court and counsel. The latter must cooperate by submitting his requests as early as possible to aid the court in preparing the instructions to be given, and the court must permit some latitude for counsel to submit an additional instruction or two at a later time if the trial has taken some unexpected turn that would justify doing so. Nevertheless, it is the judge who has the final responsibility for conducting the trial. He should be allowed considerable latitude of discretion with respect to the mechanics of procedure;[3] and his rulings must be sustained unless he has acted in some manner which is clearly arbitrary and unreasonable and to the prejudice of the objecting party.

 Plaintiff also complains that the trial court did not permit him to make objections to the instructions before giving them to the jury; and that it failed to inform him of its actions on his objections and upon his requests prior to submitting the case. We set aside for the moment the dispute between counsel as to how the record should be interpreted in that regard. It must be conceded that the parties have a

---

1. See Joseph v. W. H. Groves Latter-Day Saints Hospital, 10 Utah 2d 94, 348 P.2d 935.

2. See State v. Birchard, 35 Or. 484, 59 P. 468.

3. See St. Louis Southwestern Ry. Co. v. Mitchell, 1914, 115 Ark. 339, 171 S.W. 895.

**12**

right to make objections to the instructions to preserve challenges to their accuracy. Rule 51. But Rule 46[4] provides:

"* * * if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

Under such rule, if counsel was prevented from making objections, he should be deemed to have done so.

The vital question is not when or how the objections are allowed to be made, but whether the instructions are correct. What the party is entitled to is a presentation of the case to the jury under instructions that clearly, concisely and accurately state the issues and the law applicable thereto so that the jury will understand its duties. Unless the procedure followed would militate against accomplishing that purpose by causing proper instructions to be omitted or improper ones to be given, there would be no prejudicial error and the mechanics of the procedure would not be of controlling importance.

■ What has just been said likewise applies to the claim that counsel was not furnished a copy of the court's instructions until they were being read to the jury. The furnishing of a copy of the instructions to

counsel is a convenience and courtesy to him. It lets him know the theory upon which the court has presented the case so he can formulate his argument; and facilitates the taking of any necessary exceptions. This courtesy should be extended at the earliest convenience of the court. There may have been some delay, but it appears that counsel did get his copy during the time the instructions were being given and that he used the same in taking his exceptions.

■ The criticism of the substance of the instructions relates mainly to the charge that they do not spell out the correct standard of care. In essence they apply the standard quite universally recognized in the law of torts: the duty to observe that degree of care which an ordinary, reasonable and prudent person would use under the circumstances, failing which would be negligence. This correctly applies to the charge of negligently causing a fire.[5]

■ The plaintiff also charges error in instructing the jury that if an "unusual and unexpected high wind arose * * * and carried the fire where it would not otherwise have spread * * *" the defendant would not be responsible. He places reliance on Bushnell v. Telluride Power Co.,[6] wherein a judgment for damages for

---

4. Utah Rules of Civil Procedure.

5. Bushnell v. Telluride Power Co., 10 Cir., 145 F.2d 950; Kendall v. Fordham, 79 Utah 256, 9 P.2d 183.

6. See footnote 5, supra.

wrongfully causing a fire was sustained even though it appears that a concurring cause was a sudden and unusual high wind. The court said [145 F.2d 952], "Damage resulting solely from an act of God does not create liability * * *" but observed that the defendants had been found guilty of negligence and that: "Where a storm or other act of God unites * * * with the negligence of the defendant as an efficient and concurring proximate cause, and the injury would not have occurred except for the negligence, the defendant will be held liable." Citing authorities. The significant difference here is that by answers to specific interrogatories as to whether the defendant was negligent either in setting the fires or in tending them, the jury found that he was not. There being no negligence upon which to predicate liability, the question of the extent of proximate causation of damage is not here confronted. It is also to be observed that the phraseology used in the instruction here complained of, "an unusual and unexpected high wind * * *" seems calculated to exclude those dangers which are not reasonably foreseeable and which the standard of duty imposed by the law does not require one to guard against.

■ The instructions were so worded as to tell the jury to consider all of the circumstances: this would include the duty to reckon with wind reasonably to be expected; the extremely dry condition of the vegetation; and also the fact that the defendant appears to be somewhat limited in his ability to manage the fires because he was afflicted with arthritis, without separately dealing with each of these matters. Concerning defendant's physical limitation, upon which the plaintiff places particular stress in regard to the court's failure to instruct, this is further to be said: no request was made for such an instruction and the plaintiff confesses that the subject was of such delicacy he chose not to argue the matter to the jury. He is therefore not now in a position to complain of the court's failure to instruct with respect to it.

■ It is elementary that there is no impropriety in submitting special interrogatories if the court so desires.[7] We do not deem the interrogatories as formulated to be inconsistent with the instructions given. The arguments against them are answered by the discussion in regard to the instructions.

Affirmed. Costs to defendant (respondent).

WADE, HENRIOD, and CALLISTER, JJ., and JOSEPH G. JEPPSON, District Judge, concur.

McDONOUGH, J., does not participate.

---

7. Rule 49(a), Utah Rules of Civil Procedure.