## SANT v. MILLER.

No. 7277.  Decided May 31, 1949.  (206 P. 2d 719.)

560

See 42 C. J., Motor Vehicles, sec. 924; 5 Am. Jur. 761. Doctrine of last clear chance, note, 171 A. L. R. 365.

*Harvey A. Sjostrom*, Logan, for appellant.

*Stewart, Cannon & Hanson*, Salt Lake City, *E. F. Baldwin, Jr.*, Salt Lake City, for respondent.

LATIMER, Justice.

This action was instituted in the court below to recover damages for personal injuries suffered by appellant when he was struck by a car being driven by respondent. The question presented on this appeal is whether the trial court erred when it directed the jury to return a verdict of no cause of action for the reason that appellant was guilty of contributory negligence as a matter of law.

On the 24th day of January, 1947, appellant, his wife and another couple had proceeded from their homes in Preston, Idaho, to Logan, Utah. They arrived in the latter city at about 10:30 p. m. and after strolling around the business district for approximately one hour, they went into Dick's Safe to obtain a late evening meal. This cafe is located on the east side of Main Street a short distance

south of the center of the block between Center and First South Streets. Main Street is 90 feet from curb line to curb line and there are two railroad rails which are to the east of the center line of the street. There are traffic lights located at the intersections of Main Street with Center Street and First South Street, and there is a marked pedestrian crosswalk on the north side of the intersection of the First South and Main Streets. This crosswalk is approximately 90 feet south from the place where appellant was struck. At the time of the accident, the traffic lights on Main Street were operating on a red and green cycle and appellant was aware of their location and operation.

Appellant's foursome left the cafe at about 12:30 a. m. with the second couple preceding appellant and his wife in crossing the street. All four crossed the sidewalk and reached the curb line on the east side of Main Street just south of the cafe. From this point they started in a southwest direction across the street and when appellant and his wife had reached a point approximately 8 feet west of the center line of the street, appellant was struck by respondent's car. His wife was on the north side of appellant, and she noticed the car bearing down on them. She stepped back and the car missed her but struck appellant. The other couple had reached the west curb line at the time of the impact and did not see the collision. The streets were wet but neither rain nor snow were falling at the time of the collision, and visability was such that some of the witnesses testified they could see substantial objects for at least one block.

There is no substantial dispute in the foregoing facts but those hereinafter detailed are not uncontroverted. In view of the fact that the trial court directed a verdict, we recite those most favorable to the plaintiff and mention only those bearing on the question of contri- ■ butory negligence as there is evidence from which the jury could find the defendant was careless. Either plaintiff was guilty of negligence contributing to his in-

juries, as a matter of law, or the court erred in taking the cause from the jury.

According to plaintiff's version of the remaining facts, he and his wife left the east curb line with his wife on his right side and with his right arm under her left arm. They proceeded in a southwesterly direction until they were a short distance west of the west railroad track. He glanced from the direction in which they were walking to the north and saw 3 or 4 cars approaching. The nearest car was almost directly west of he and his wife, and the other 2 or 3 were to the north and in a north and south line slightly to the west of the place where appellant ultimately stopped. The couple stopped to permit the first car to pass and appellant then looked to the southwest, and while observing where the first couple were walking, he was struck by an on-coming car. Appellant did not observe the car that hit him unless it was one of those which he had observed coming from the north. After crossing the west railroad track, appellant looked to the north, saw the car coming, stopped for from 3 to 5 seconds in the main travelled portion of the street and during this time, failed to watch the movement of cars from the north.

Appellant's wife corroborates his story in most respects. However, she saw respondent's car and testified to the following version of the accident. After passing the west rail of the railroad tracks she and appellant stopped to permit the cars to pass. They remained in this position for some 3 to 5 seconds. The first car was traveling rather slowly and it was being followed by a car moving at a faster rate of speed. As the car to the rear caught up with the first car the driver swerved to the east to pass the slower moving vehicle, and this caused the passing automobile to head directly for appellant and his wife. The wife saw the movement of the on-coming car, exclaimed, "look out," stepped back, perhaps gave a tug at appellant and saw the car strike him. She did not know which direction he was looking just

before the impact as she was looking "causually down the street."

Respondent's testimony differs from that of appellant and his witnesses, but it does not aid appellant. Apparently appellant makes no claim that the last clear chance doctrine is established by the testimony and under the present state of the record, we cannot say the ■ evidence establishes, as a matter of law, that respondent had a clear chance to avoid the accident after being charged with knowledge that appellant was in a position of danger.

There is one Logan City ordinance and one section of Utah Code Annotated, 1943, which are involved in testing appellant's negligence in crossing the street at the time and place involved. Section 895, revised Ordinance, Logan City is as follows:

"Section 895—No pedestrian shall cross streets diagonally, but shall cross the streets at right angles, and at regular crossings as provided therein. It shall be the duty of every pedestrian to carefully observe the traffic, and not to cross the street in front of any motor vehicle."

Section 57-7-143, U. C. A. 1943, provides:

"57-7-143. Pedestrians Shall Yield Right-of-Way.

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

"(b) Any pedestrian crossing a roadway at a point where a pedestrian tunnel or overhead pedestrian crossing has been provided shall yield the right-of-way to all vehicles upon the roadway.

"(c) Between adjacent intersections at which traffic control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk."

Appellant concedes that in crossing the street at the place selected and in walking diagonally to the southwest, he was violating the State Statute and the City Ordinance but asserts when he stopped in the west travelled portion of the street for approximately 3 to 5 seconds his negligence had

ceased and he then occupied the status of a person free from negligence. This, of course, does not follow, as negligence does not depend so much on movement. The acts which are condemned by the regulations are being in the travelled portion of a street in the center of a business block where motorists are not apt to be expecting pedestrians and in walking or facing away from on-coming traffic. One might be more negligent in standing in the center of the street than walking across one. The only important difference would be whether the negligence might proximately contribute to the injury in the stationary situation. In a moving situation, a driver might reasonably anticipate a person would stop before moving into the path of a moving vehicle while in the case of a person standing in the street looking away from on-coming traffic, the same assumption could not be indulged in and in the latter situation, a driver might have an opportunity to observe the perilous situation of the pedestrian and have a clear chance to avoid the accident. However, as previously suggested, the factual situation as developed by the record, does not permit reliance on the last clear chance principle as there was no showing that the driver knew or had a reasonable chance to discover appellant's position of danger in time to avoid running into him.

In view of the facts and circumstances surrounding the accident and the laws and ordinances in force at the time, we have decided that all reasonable men must conclude that appellant was guilty of negligence and that his negligence contributed to his injury. Appellant was familiar with the town of Logan, Utah; he knew there were traffic control lights on the intersections herein referred to and knew there were marked pedestrian lines at the intersections. He knew he was leaving a place of safety to travel a hazardous course across the road. It was late at night, dark and cloudy and the streets were wet. It was mid-winter and the parties were dressed in dull colors. Appellant was wearing a brown overcoat and his wife had a gray coat thrown over her shoulders. They were cutting

diagonally across the street in such a direction that after they passed over the center line of Main Street they would be faced partly away from on-coming traffic. Appellant had proceeded some 8 feet west of the center line of the street and was therefore not concerned with traffic coming from the south. Assuming he had been standing there some 4 or 5 seconds he was not watching traffic approaching from the north which would be the direction from which he knew traffic was coming and which was the direction from which it legally must come. Appellant knew he was standing in a position of danger and that it would be difficult for motorists coming down the highway to observe him and his wife standing in the center of the travelled portion of the highway. His reason for not watching approaching traffic was that he desired to see the location of the other couple. While his looking away from on-coming traffic may have been for a limited period, it was sufficient, according to his testimony, to permit defendant's car to leave its course of travel, attempt to go around another car and strike appellant without his ever being conscious of its approach. That his looking away contributed to his injuries is well illustrated by the fact that his wife who was closer to the on-coming car observed its approach and stepped away from its path. She escaped injury by being reasonably alert, while appellant met with misfortune because he was not. While the fact that one of two parties may be more alert than the other does not establish negligence as a matter of law on the part of the latter, the fact that appellant's wife avoided the accident tends to prove that the failure of the appellant to be more alert proximately contributed to the accident and that his negligence in not looking continued up to the time of impact.

Appellant was aware of the fact that he was taking a chance in crossing the street at a place contrary to law. He should also have known that a driver of a vehicle would not ordinarily anticipate the presence of pedestrians on the street at the time and place of the accident. Knowing that his presence might not be anticipated

and knowing that traffic on the west side of the road was approaching from the north and with nothing of importance to distract his attention, it was appellant's duty to watch the traffic he knew was approaching his location. It is a fair assumption from the record that the vehicles which were observed coming south on main street were those which cleared through the green light at the intersection to the north, and, if so, within a very short time the change to red would have interrupted the flow of traffic to the south and appellant could have continued on to the west curb with some degree of safety. Having omitted to continue to watch, he failed to exercise the degree of care required of a pedestrian who leaves a place of safety and places himself in a position of peril. A greater degree of care is necessary upon the part of a pedestrian who undertakes to cross a city street at a prohibited place than is placed on one who uses a marked crosswalk. And especially is this true, when because of darkness and climatic conditions, the opportunity for drivers to clearly discern the presence of individuals on the roadway is greatly restricted. It is not due care for a person to fail to observe what might be approaching danger when there is no necessity to look elsewhere. Appellant was not confronted with a situation which distracted his attention or which precluded him from continuously observing the on-coming traffic and his curiosity to watch the movement of his friends is not sufficient to excuse him for his delict. Reasonable care dictates that while appellant was crossing the west portion of the street, he should have been observant of the movement of this traffic south on the street. He apparently disregarded potential danger for unimportant reasons.

Appellant contends that a pedestrian crossing between intersections, even in contravention of a statute, need not anticipate that a motorist will suddenly change his course and run into him. We do not disagree with the rule contended for, but it does not control the present factual situation. Because of the violation of the quoted ordinance and statute, appellant was on the street

at a prohibited place, and under these circumstances, he was required to constantly observe the movement of traffic from the direction it should legally travel. He was required to anticipate that vehicles move at different rates of speed; that the slower moving automobiles are required to drive on the right-hand side of their appropriate portion of the highway and faster moving vehicles pass to their left; that the faster moving vehicles may not continue in a direct line but may turn out from a straight formation to go around the slower moving car, and that such movements may be made by reasonably safe drivers if they do not know, or have no reason to be charged with knowledge, that pedestrians will be endangered by such movements. Particularly is such the case when the driver at all times remains on his proper side of the highway.

Conceding that the question whether the plaintiff's negligence contributed to his injury may ordinarily be a question for jury determination, from the facts disclosed by this record, we are of the opinion that as a matter of law, appellant's negligence was in part responsible for his misfortune.

The judgment is affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE, and McDONOUGH, JJ., concur.