284 P.2d 1115

Joseph W. GITTENS, Plaintiff and Appellant,

v.

Royce LUNDBERG, Defendant and Respondent.

No. 8295.

Supreme Court of Utah.

June 13, 1955.

Harvey A. Sjostrom, Logan, for appellant.

David K. Watkiss, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Joseph Gittens as a pedestrian was proceeding eastward across Main Street (also U. S. Highway 91) of Smithfield, Utah, at dusk on the 27th day of February, 1953, when he was struck and injured by the defendant Royce Lundberg driving his car from the north. There is a sharp dispute in the facts as presented by witnesses for the respective parties: whether plaintiff was walking or running at the time he was struck; whether he was intoxicated from the effects of beer he had

admittedly drunk about two hours before the accident; just where in the street the impact occurred; and the speed of defendant's vehicle. Jury verdict was for defendant. Plaintiff appeals assigning several grounds of error.

The first attack upon the judgment relates to refusal to direct a verdict for the plaintiff. This is based upon the contention that even though several witnesses for the defendant testified to facts which would constitute a defense, plaintiff claims their testimony is "incredible" and "unworthy of belief." He so characterizes the testimony of L. O. Lowe, the investigating officer, because of a variance between the "original" accident report and a photostatic copy thereof sent to the state; he makes the same charge against another witness, Lt. Ralph Chadwick, because of an allegedly irreconcilable difference in a statement made before the trial that plaintiff was lying in the center of the road after the accident as compared with his testimony at the trial that the plaintiff was lying in the center of the west portion of the highway. Without detailing other such charges, the foregoing are typical of the discrepancies in testimony which form the foundation for plaintiff's somewhat novel attempt to destroy defendant's entire defense on the ground that the testimony of the witnesses for the defendant is so incredible and in conflict with probability that the whole of such testimony should be disregarded.

■ In support of the foregoing position plaintiff cites Haarstrich v. Oregon Short Line R. Co.,[1] in which this Court regarded the testimony of a witness as contrary to uncontrovertible physical facts and therefore not substantial evidence. He also places reliance on Keyser v. San Diego Electric R. Co.[2] wherein the California court stated that testimony of a witness could be rejected in toto if it *"clearly* appears that he is not to be believed at all." While it is true that if a witness wilfully testifies falsely as to any material matter the jury is at liberty to disbelieve the whole of his testimony if they so desire, it does not necessarily follow that they are obliged to do so. The Keyser case just referred to, relied on by the plaintiff, is not in discord with this. In that case, even though the plaintiff had made a statement and signed a writing plainly in conflict with his testimony proffered at the trial, the court said that his credibility was nonetheless for the jury.

■ It is the duty of this court to leave the question of credibility of witnesses to the jury or fact trier and we have quite consistently adhered to that policy.[3] As has often been said, the jury is in a fa-

1. 70 Utah 552, 262 P. 100.
2. 16 Cal.App.2d 48, 60 P.2d 136, 138.

3. Martin v. Stevens, Utah, 243 P.2d 747, 749; Gibbs v. Blue Cab, Utah, 249 P. 2d 213; Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.

vored position to form impressions as to the trust to be reposed in witnesses. They have the advantage of fairly close personal contact; the opportunity to observe appearance and general demeanor; and the chance to feel the impact of personalities. All of which they may consider in connection with the reactions, manner of expression, and apparent frankness and candor or want of it in reacting to and answering questions on both direct and cross-examination in determining whether, and to what extent, witnesses are to be believed. Whereas, the appellate court is handicapped by being limited to a review of an impersonal record.

■■ It is not a prerequisite to credibility that a witness be entirely accurate with respect to every detail of his testimony. If it were so, human frailties are such that it would be seldom that a witness who testified to any extent could be believed. The jury may evaluate the testimony of witnesses and accept those parts which they deem credible, even though there be some inconsistencies.[4] An examination of the record here does not show that facts testified to would be impossible in the light of known physical facts, or so contradic-

tory or uncertain as to justify a conclusion that any of the witnesses were entirely "unworthy of belief" as plaintiff contends. This is true here a fortiori because there were several witnesses for the defense, the testimony of all of whom would have to be destroyed in order for the plaintiff to prevail on the proposition he contends for.

■ Plaintiff also complains of the trial court's refusal to give a requested instruction on sudden emergency. It is our opinion that no error was committed. The request did not properly state the law because it did not cover the requisite element that the emergency must be one which arose without fault on the part of the plaintiff. Where the plaintiff creates the peril by his own fault, he may not thereafter urge the sudden emergency doctrine to protect himself from a charge of contributory negligence.[5] It was defendant's theory and his evidence showed that the plaintiff ran in front of defendant's vehicle when the latter was too close to avoid striking him.[6] Under plaintiff's own testimony he admitted observing the car coming from the north no less than three times before he entered the intersection. The jury could have believed that plaintiff created his own

4. Finlayson v. Brady, Utah, 240 P.2d 491; Blashfield, Cyclopedia of Automobile Law and Practice, paragraph 659.

5. Harris v. Parks, 58 Utah 42, 196 P. 1002.

6. Under such facts a Utah statute would bar recovery. Utah Code Ann. 1953 41-6-78 provides: " * * * but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

peril and thus was not entitled to the benefits of "sudden emergency." Under such state of the evidence it would have been error to give the instruction as requested by the plaintiff.

Another remonstrance against the conduct of the trial, addressed to us by plaintiff, is the exclusion of testimony that defendant had stated shortly after the accident that the car was covered by insurance. Whether it was is immaterial.[7] Generally speaking, reference to that subject for the purpose of getting it before the jury is prejudicial. An exception to this is where a reference to insurance is so interwoven in an admission against interest that it is impractical to exclude it without destroying or impairing the benefit of the admission, to which the plaintiff is entitled.[8] The defendant, a young man who was driving his father's car, naturally felt some remorse in having struck and injured the plaintiff so he went to plaintiff's home and talked to Mrs. Gittens expressing his regret at the misfortune and concern for the plaintiff's welfare. In the course of the conversation he did state that he was in somewhat of a hurry to get home that night, and failed to place direct blame on the plaintiff for the accident. This was admitted. But in connection with the conversation he also incidentally stated that he thought the car was insured. The reference to insurance was not "freighted with admission,"[9] nor was it so interwoven with admissions against interest as to detract from their effect or make it impractical to separately exclude it from the conversation. We approve the statement of the District Court of Appeals of California in Connor v. Jackson:[10] "A defendant's statement that he carries insurance or that his insurance company 'will do everything necessary immediately' is not an admission of liability."

It would be both unreasonable and dangerous to construe solicitude for one who is hurt as an admission against interest and thus turn kindness into a thorn to injure well meaning and gracious persons. It is simply within the requirements of proper courtesy to manifest concern for the welfare of one injured in an accident, and there should be no penalty involved for do-

---

7. Balle v. Smith, 81 Utah 179, 17 P.2d 224.
8. See Reid v. Owens, 98 Utah 50, 93 P.2d 680, 685, 126 A.L.R. 55; Am.Jur., Evidence, Sec. 388; Annotation 4 A.L.R.2d 767, 781.
9. Reid v. Owens, supra.
10. 94 Cal.App.2d 462, 210 P.2d 897, 900.

ing so. Whether a statement with respect to insurance coverage is such an integral part of a conversation that it would be impractical to exclude it without impairing the effect of the admission is for the trial court to determine. Here he properly regarded it as excludable.

The final indictment plaintiff levels against the proceeding below is that error was committed in permitting Mr. Lowe, the investigating officer, to give his opinion of the speed of the defendant's car based on skid marks, the objection being that he was not qualified to make such deduction. The witness was an ·experienced officer; had served as marshal of Smithfield for over eleven years; had investigated many traffic accidents and made tests as to braking and stopping distances. On the basis of his experience and the use of a pre-computed chart which is in general use throughout the country he was properly allowed to give his opinion as to the speed of the car as about 20 miles per hour. We have previously approved the admission of testimony similar in character.[11]

Judgment affirmed. Costs to defendant.

McDONOUGH, C. J., and HENRIOD and WADE, JJ., concur.

WORTHEN, J., concurs in result.

11. See Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986, 987.