F. William McGINN II and Floy W. McGinn, Plaintifffs and Respondents,

v.

UTAH POWER & LIGHT COMPANY, a Maine Corporation, Defendant and Appellant.

No. 13619.

Supreme Court of Utah.

Dec. 12, 1974.

Stephen B. Nebeker and Paul S. Felt, Ray, Quinney & Nebeker, Sidney G. Baucom and M. Blaine Hofeling, Salt Lake City, for defendant and appellant.

D. Frank Wilkins, James B. Lee and Gordon L. Roberts, Parsons, Behle & Latimer, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from an order granting a new trial after a no cause of action judgment had been entered in a personal injury case, where, under provisions of Idaho's comparative negligence statute,[1] stipulated to by the parties as being controlling, the jury returned a special verdict concluding that plaintiff was 60 per cent negligent and defendant 40 per cent negligent, which, under such provisions, would preclude recovery by the plaintiff of the damages arrived at by the jury in a certain amount.

Plaintiff received severe burns when an aluminum mast on a sailboat he was aiding in carrying to Bear Lake came in contact with a hot wire on one of defendant's transmission poles.

Counsel for defendant urged but one point on appeal: That the court erred in granting the motion for a new trial.

The reasons the trial court assigned in support of his granting of the new trial were that 1) he failed to instruct, where he should have instructed that the jury should have been advised of the results of their percentage findings, and in any event that 2) "The jurors were not sufficiently instructed as to the relationship, or lack of relationship, between the percentage findings and the damages" and should have been instructed "specifically that there is no relationship between the damage answer and the percentages."

Since this court long since has been a firm advocate of the concept that the jury's prime, and perhaps sole, function is that of fact finder, not prestidigitator, we take it that the answering of reason 1)

1. Sec. 6–801, Idaho Code (Pocket Supp.1973, p. 136; 1971 Ch. 186, Sec. 1, p. 862).

above, should suffice to answer reason 2),—since the core of each instruction being a stranger to the finding of facts only, would lead, if to anything, to emotion, sympathy, and an invasion of the domain of the judicial aspect of the case,— that of applying the law to the facts found by their arbiters. Besides, plaintiff's failure to object to the court's not giving the instruction mentioned in 2) above, was a waiver thereof under Rule 51, Utah Rules of Civil Procedure.

Counsel for plaintiff urges adoption by this court of a proposed rule which would be one of first impression in this state. As stated in their brief, it would be that "The jury should be advised of *the effect* of its *percentage findings.* In offering this gratuity, plaintiff says that the Idaho statute should be ignored insofar as what instructions are proper and pertinent because they are procedural and hence the law of the forum governs. We agree that the law of the forum governs where procedure is involved, but the rule is inapplicable here because (a) it would belie the very stipulation the parties mutually espoused, (b) we think the instructions in a case like this are of a substantive, not procedural bent, whose cleavage to the statutory provisions is inviolate and (c), the (a) and (b) observations above could be ignored and still we would be constrained to and hold as we do, because we choose to subscribe to the cases decided touching the subject instructions, with apparent unanimity, to date which cases are identical or near identical in their application. Those authorities are collected below [2] and reflect a principle we consider sound and correct, to the end that it is prejudicial error if, in a comparative negligence case, the court

instructs the jury as to the effect or impact its fact-finding answers, in a special verdict, will have on the outcome of the case.

Plaintiff leaned heavily and solely, case-wise, on the decision of Colorado's intermediate Court of Appeals in Simpson v. Anderson,[3] which supported the rule that plaintiff, in the next preceding paragraph, suggested we should espouse. During the pendency of the instant appeal, the Supreme Court of Colorado (September, 1974) reversed the Court of Appeals on the Simpson case,[4] and poignantly declared that such "instruction to the jury on the effect of its answers in the special verdict form in negligence cases is clearly improper under our comparative negligence statute." This case effectively wiped out any vestige of decisional authority cited by plaintiff, and left it denuded save but a few authors' proposals in magazine or law review.[5]

Earlier this year, shortly before the present appeal was perfected, the Supreme Court of Idaho, construing that state's statute which the parties here stipulated to respect, in a decision handed down after this case was at issue and trial, and in a case like the one before us, concluded, as do we, and Colorado and the rest of the states cited in footnote 2 in the following unmistakable language, that "The general rule . . . is that it is reversible error for the trial court to instruct the jury as to what the effect their answers will have on the final outcome of the case."

We think Point II of plaintiff's brief having to do with refusing to admit certain photographs, to be without merit, and that Point III having to do with time restrictions on arguments anent percentages is

---

2. Idaho: Holland v. Peterson, 95 Idaho 728, 518 P.2d 1190, 1974; Colorado: Simpson v. Anderson, 526 P.2d 298 (Colo.1974); Wisconsin: Fehrman v. Smirl, 20 Wis.2d 1, 121 N.W.2d 255 (1963); Erb v. Mut. Serv. Cas. Co., 20 Wis.2d 530, 123 N.W.2d 493 (1963); Minnesota: Gardner v. Germain, 264 Minn. 61, 117 N.W.2d 759 (1962); Arkansas: Argo v. Blackshear, 242 Ark. 817, 416 S.W. 2d 314 (1967); Tennessee: Harbison v.

Briggs, 209 Tenn. 534, 354 S.W.2d 464 (1962).

3. 517 P.2d 416 (Colo.App.1973).

4. 526 P.2d 298 (Colo.1974).

5. William J. Flynn "Comparative Negligence: Debate," Trial Magazine, May-June 1972; Thode, "Comparative Negligence Contribution . . .," 1973 Utah Law Rev. 406.

moot, having been resolved by what we have said hereinabove. Consequently the case is remanded for vacation of the order granting a new trial and reinstatement of the judgment originally entered.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.