Walter G. **HENDERSON** and Helen L.
Henderson, his wife, Plaintiffs
and Appellants,

v.

Harry R. **MEYER** and Ronald Eugene
Meyer, Defendants and Respondents.

No. 13702.

Supreme Court of Utah.

March 6, 1975.

Thomas A. Jones, Anthony M. Thurber,
Salt Lake City, for plaintiffs-appellants.

David K. Winder, of Strong & Hanni,
Salt Lake City, for defendants-respondents.

ELLETT, Justice:

Plaintiffs appeal from an adverse jury verdict, citing as grounds of appeal the following:

1. The trial court erred in refusing to grant plaintiffs' motion for directed verdict and plaintiffs' motion for judgment notwithstanding the verdict, or in the alternative for a new trial.

2. The factual determinations made by the jury in this case were against the weight and preponderance of the evidence and clearly erroneous.

The defendants claim that there was sufficient evidence to support the verdict and further claim that the plaintiffs failed to make any motion for a directed verdict at the close of the evidence and that they are now foreclosed from claiming that the issues of liability should not have been submitted to the jury.

Helen Henderson was driving an automobile owned by her husband, Walter, in a northerly direction. She intended to turn left and after giving a proper signal of her intention, stopped her car to allow southbound traffic to pass. After she had been stopped for some twenty or thirty seconds, she was struck from the rear by a truck owned by Harry R. Meyer and being operated by his 17-year-old son, Ronald.

The defendants admit that plaintiffs were not negligent in any particular and that the father is chargeable with any and all negligence of the son. They claim that a sudden emergency arose which excused Ronald from any negligence in failing to see the stopped car.

The testimony shows clearly that there is a driveway leading from a drive-in restaurant on the east side of the highway upon which the parties hereto were traveling and that it is from 125 to 150 feet south of the point of impact. Ronald claims that as he was passing the restaurant, he saw an old man in a white Rambler automobile about 100 feet east of the curb line and feared that the old man might drive into the highway and collide with his truck. To avoid this, he honked his horn, and the white Rambler stopped with the front door about even with the gutter. Curiosity caused Ronald to continue looking at the white Rambler, and as he drove forward at 30 miles per hour, he looked back over his shoulder and through the rear window at the old man and the white Rambler. This he did for several seconds, and when he looked forward, he was too close to Mrs. Henderson to avoid the collision.

■ It is the duty of the driver of a motor vehicle to see or to know, from having seen, that the highway ahead of him is clear and safe for him to travel at the speed which he is maintaining, and it is negligence for him to fail to do so.[1]

■ In the instant matter the day was clear and the road dry, straight, and level. The time was about noon, and there was nothing between the two vehicles to interfere with the vision of the truck driver.

Ronald should have seen Mrs. Henderson long before he saw the white Rambler. There is no sudden peril to distract his attention so as to relieve him of his negligent conduct. Even if he feared a possible collision with the Rambler, as soon as it stopped, the peril (if any) was over, and Ronald should have looked ahead instead of back over his shoulder.

While Helen Henderson did not move for a directed verdict, she did request an instruction for a directed verdict in her favor on the issue of liability. This sufficiently apprised the court of the situation just as much as a motion would have done. The court refused to so instruct the jury, and in this he committed reversible error. Mr. Henderson made no such request. However, his case is exactly the same as that of his wife, and the two cannot legally be separated.

■ The law is to the effect that one who does not move for a directed verdict

---

1. Weenig Bros. v. Manning, 1 Utah 2d 101, 262 P.2d 491 (1953); 5 Am.Jur., Automobiles, § 167; 60A C.J.S. Motor Vehicles § 284.

generally has no standing to urge on appeal that the evidence does not support the judgment. However, an exception exists where plain error appears in the record and it would result in a miscarriage of justice to affirm the judgment.[2]

We therefore, reverse the judgment and remand the case with directions to enter judgment for the plaintiffs on the matter of liablity and to give a new trial as to the damages, if any, which should be awarded to the plaintiffs. Costs are awarded to plaintiffs.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

2. Rule 51, U.R.C.P.; Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969).