Hubert LAMKIN, Plaintiff and
Appellant,

v.

Sue Ann LYNCH, Defendant
and Respondent.

No. 15683.

Supreme Court of Utah.

Aug. 27, 1979.

L. E. Richardson, Salt Lake City, for plaintiff and appellant.

L. L. Summerhays, of Strong & Hanni, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from a jury verdict which determined his negligence as 60 percent compared to that of defendant as 40 percent.

Plaintiff, was walking south across Second South Street near its intersection with Edison Street in Salt Lake City. The evidence is in dispute as to whether or not he was within a cross-walk when he was struck by defendant, an east-bound motorist. The accident occurred in the middle of the three east-bound lanes of traffic on Second South Street.

Plaintiff testified that as he approached the center of Second South Street that he observed oncoming traffic but that it ap-peared to him that is was slowing to permit his crossing.

Defendant testified that it had been rain-ing, it was "dark and cloudy," she looked for pedestrians but saw none, and she did not see plaintiff prior to impact.

An eyewitness, also a motorist, testified that he was following defendant and that it appeared that neither plaintiff nor defend-ant was aware of the presence of the other and that the plaintiff just kept walking until the time of impact.

Plaintiff's first assertion of error is that the jury verdict is not supported by the evidence. The facts of this case so closely parallel those in the recent case of *Ander-son v. Bradley*[1] that our holding therein is dispositive of this issue. *Anderson* also in-volved the apportionment of negligence in an auto-pedestrian accident and in regard thereto we had this to say:

.  .  .  [N]o matter who has the right-of-way, both driver and pedestrian have a duty to maintain reasonable, proper and adequate lookout and to recurrently reob-serve and reappraise the situation. [Cita-tion omitted.] Failure to do so is negli-gence, and it lies within the prerogative of the fact-finder to determine the per-centage thereof.

The issues of negligence and the apportionment of fault are clearly factual matters to be determined by the finder of fact.[2] The matter of witness credibility also falls within the province of the fact-finder.[3] When there is a discrepancy in testimony rendered by the witnesses, the fact-finder must decide which account is the most accurate. Then on appeal, we must review the facts in the light most favorable to the prevailing party.[4]

The dispute as to whether or not plaintiff was in the crosswalk at the time of impact is not the critical issue because the allocation of negligence need not necessari-ly turn upon the physical location at the

1.  Utah, 590 P.2d 339 (1979).

2.  *Coombs v. Perry*, 2 Utah 2d 381, 275 P.2d 680 (1954).

3.  *Gittens v. Lundberg*, 3 Utah 2d 392, 284 P.2d 1115 (1955).

4.  Supra, footnote 2.

time of the collision. In any event, there is substantial evidence to support a conclusion that at the time of impact plaintiff was outside the crosswalk boundaries. The investigating officer and defendant both so testified. But even if plaintiff was within the crosswalk boundaries at the time of impact, the jury still could reasonably find plaintiff 60 percent negligent. It was a dark, cloudy evening at the time of the accident, and plaintiff was wearing dark pants and a dark jacket. The believable testimony is that plaintiff never did directly look in the direction of defendant's vehicle but relied only on his peripheral vision. Plaintiff himself testified that the eastbound vehicles (defendant and others) were only about 30 feet away but that he made the judgment that he could make it across the street. The further observations of the eyewitness were that "it didn't seem like Mr. Lamkin (plaintiff) was looking, the approaching cars didn't seem to get his attention, and he didn't see the Fast-back (defendant's automobile)."

In light of the evidence, the jury could reasonably conclude that plaintiff was 60 percent negligent and defendant 40 percent and it was therefore proper for the trial court to deny any recovery[5] and to subsequently deny plaintiff's motion for a new trial, a discretionary ruling which we deem appropriate under the circumstances.

■ Plaintiff next challenges the propriety of the jury instructions. He first contends that the duty of the pedestrian was overemphasized. Our review of the instructions given fails to bear out his contention.

Four instructions were given (Nos. 10–13) pertaining to the respective duties of motorists and pedestrians. Each was similar, if not identical, in substance to those set forth in J.I.F.U.[6] The first defined the duty of a pedestrian before and while crossing a street,[7] the second defined the duties of a pedestrian *and* a driver,[8] and the third defined the standard of care for a motorist and a pedestrian with and without the right-of-way.[9] The fourth instruction covered the right-of-way of a pedestrian in a crosswalk over vehicular traffic, and specifically defined his right to assume traffic would stop and not enter the crosswalk.

We conclude that the foregoing instructions represent a fair statement of the respective duties of drivers and pedestrians and that when read in their entirety, and as a whole, (as the jury was appropriately admonished to do)[10] that no undue emphasis was present which prevented the jury from giving the case an impartial and informed consideration.

Plaintiff's second contention of error in regard to jury instructions is that the trial court failed to properly state the law as to the duty of a driver inasmuch as it refused to give his proposed instruction pertaining to the standard of care imposed upon a motorist.

Our review of the record reveals that no objections whatsoever to the court's jury instructions were lodged by plaintiff. However, pursuant to procedural stipulation, plaintiff took the following exceptions[11] thereto after the jury had retired to deliberate:

I take general exception to the failure to give Plaintiff's Requested Instructions and specifically those instructions with regard to the effect of violation of the Motor Vehicle Code where it is designed

---

5. Pursuant to Utah's Comparative Negligence Statute, U.C.A., 1953, 78–27–37, et seq.

6. Jury Instruction Forms for Utah, 1957, see Nos. 20.3, 20.1, 20.8, and 20.6.

7. Consistent with *Coombs v. Perry*, supra.

8. Consistent with *Mingus v. Olsson*, 114 Utah 505, 201 P.2d 495 (1949).

9. Consistent with *Sant v. Miller*, 115 Utah 559, 206 P.2d 719 (1949).

10. See *Badger v. Clayson*, 18 Utah 2d 329, 422 P.2d 665 (1967).

11. Rule 46, Utah Rules of Civil Procedure, renders formal exceptions unnecessary. An objection, with the grounds therefor, is sufficient.

for the safety of people and vehicles, the same not having been given.

Rule 51 [12] provides in pertinent part:

. . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction, *a party must state distinctly the matter to which he objects and the grounds for his objection.* [Emphasis added.]

The foregoing rule has been interpreted to require the objection to be specific enough to give the trial court notice of every error in the instruction complained of on appeal.[13]

Plaintiff's lack of specificity obviously did not comply with Rule 51. Nevertheless, we have reviewed the proposed instruction and find that it was not error to refuse it since the content thereof was included in substance in the other instructions given.[14] We therefore conclude that the jury was properly informed as to the standard of care.

Plaintiff's final assertion of error is that the trial court failed to instruct the jury as to the legal consequences of its apportionment of negligence.

This point is raised for the first time on appeal and hence was not ruled upon by the trial court. Consequently, we do not consider it on appeal.[15]

The jury verdict is affirmed. Costs to defendant.

CROCKETT, C. J., concurs.

WILKINS, Justice (concurring generally).

I concur generally but add a reservation. The majority opinion states in response to plaintiff's assertion that the District Court ". . . failed to instruct the jury as to the legal consequences of its apportionment of negligence" that this point was raised for the fist time on appeal and this Court would therefore not consider it. I agree that failure to present this matter below is fatal.

But I reserve judgment on this issue when properly raised because I believe this Court should reconsider its position announced in *McGinn v. Utah Power & Light,* 529 P.2d 423 (1974), noted in footnote 15 of the majority opinion, that ". . . it is prejudicial error if, in a comparative negligence case, the court instructs the jury as to the effect or impact its fact-finding answers, in a special verdict, will have on the outcome of the case".

STEWART, J., concurs in the views expressed in the concurring opinion of WILKINS, J.

MAUGHAN, Justice (dissenting).

For the following reasons, I dissent.

Plaintiff suffered severe multiple fractures and was hospitalized for months. He sustained a later fracture of the leg at the point of the bore holes, which were made in the process of repairing the bones injured by this accident. He has suffered, and will continue to suffer, pain from the injuries he sustained. He has a permanent total disability of 20–25% as a consequence of this accident. Initially, the jury found the plaintiff had suffered no general damages for pain and suffering, no temporary or permanent disability, and no loss of past or future earnings. The jury was instructed

12. Utah Rules of Civil Procedure.

13. *Employers' Mut. Liability Ins. Co. v. Allen Oil Co.,* 123 Utah 253, 258 P.2d 445 (1953); *Hill v. Cloward,* 14 Utah 2d 55, 377 P.2d 186 (1962); *Redevelopment Agency of Salt Lake City v. Barrutia,* Utah, 526 P.2d 47 (1974); *State v. Kazda,* Utah, 545 P.2d 190 (1976); *State v. Schoenfeld,* Utah, 545 P.2d 193 (1976).

14. *Hardman v. Thurman,* 121 Utah 143, 239 P.2d 215 (1951).

15. It is to be noted that this issue was before this Court in *McGinn v. Utah Power & Light,* Utah, 529 P.2d 423 (1974) and we quoted numerous authorities which "reflect a principle we consider sound and correct, to the end that it is prejudicial error if, in a comparative negligence case, the court instructs the jury as to the effect or impact its fact-finding answers, in a special verdict, will have on the outcome of the case."

to deliberate longer on general damages. The jury returned three minutes later with an award of One Dollar for general damages.

In my view, such a determination by the jury indicates the jury was actuated either by an improper motive, bias, prejudice, or misunderstanding of the law, in arriving at its verdict of One Dollar for general damages.

Plaintiff contends that failure to instruct the jury about the legal consequences of its apportionment of negligence leads to a harsh and unfair result. This failure to so instruct, according to plaintiff, is inimical to the interest of justice and should be disapproved by this Court. Plaintiff concedes he did not specifically request such an instruction, but such a gesture would have been futile. In *McGinn v. Utah Power and Light Co.*, Utah, 529 P.2d 423 (1974), this Court ruled it was prejudicial error if, in a comparative negligence case, the trial court instructed the comparative negligence case, the trial court instructed the jury as to the effect or impact of its fact-finding answers, in a special verdict would have on the outcome of the case. Plaintiff urges this Court to reassess the *McGinn* ruling. I would do so.