Eugene L. ANDERSON, Plaintiff
and Appellant,

v.

Harley TOONE, Defendant
and Respondent.

No. 17924.

Supreme Court of Utah.

Sept. 26, 1983.

H. Ralph Klemm, Salt Lake City, for plaintiff and appellant.

Ken Chamberlain, Richfield, for defendant and respondent.

HOWE, Justice:

Plaintiff Eugene L. Anderson appeals from an adverse judgment based on a special jury verdict in a negligence action he brought to recover damages for injuries he suffered in a dune buggy accident in the Coral Pink Sand Dunes State Park near Kanab, Utah.

In the morning of April 13, 1978 Mr. and Mrs. Anderson and defendant Harley Toone met at the public campground of the Park where they and their families had spent the previous night. Neither party knew the other. Toone was checking the pressure of the tires of his dune buggy when Mr. Anderson approached him and admired the vehicle. It had a VW engine mounted on a grate bottom platform, two front seats and a back seat, all with lap belts, and a double roll bar specifically fashioned by Toone to allow for extra headroom. After a few desultory exchanges, Mr. Anderson mentioned that he would like to take a ride in a dune buggy, as he had never had that opportunity. Toone invited him and Mrs. Anderson for a ride as soon as it was 9:00 a.m., the earliest hour dune buggies are allowed to be operated in the dunes. The group buckled in, left the campground and the buggy began its ascent along the moderate incline of a large round-domed sand dune at a speed of between 15 and 20 miles per hour.

There are no established roads across the terrain as the action of wind and weather creates an ever changing topography of shifting peaks and valleys. The morning was cold, gray and overcast. In the flat light of the sky, shapes and shadows were swallowed by the sand. Where normally the long morning rays would etch contrast and contours in the dune formations, the

group instead perceived only the ridge upon which they were travelling and the silhouette of the dune blending into the horizon beyond. As viewed from the group's vantage point, the ridge in front of them seemed to continue in an unbroken line to the top, when in fact the wind had created a "pocket" some 70 feet across and 20 feet deep, roughly 400 feet from the top of the dune. The blurring light created the optical illusion that the two ends of the missing section of ridge were connected into one undisturbed whole. There were no trees, bushes, fences or other structures to serve as landmarks or points of reference in the two-dimensional landscape.

Toone, with Mrs. Anderson in the front passenger seat, was cresting the ledge and just about to shift from second to first gear when he noticed "daylight out" under the right front wheel. The buggy dove forward, the left front wheel bit into the sand, and the vehicle cartwheeled to the bottom coming to rest in an upright position. Mr. Anderson struck his head on the roll bar during the fall and received severe head injuries, resulting in blindness of the right eye and permanent loss of sense of smell. The ensuing action resulted in a jury finding of no negligence on the part of Toone and judgment was entered in favor of him.

Plaintiff focuses on three claimed errors:

1. The trial court's refusal to grant his motion for a directed verdict.

2. The trial court's refusal to grant a new trial based on the jury verdict not being supported by the evidence.

3. Erroneous instructions to the jury on assumption of risk, sudden emergency and unavoidable accident.

I.

■ Plaintiff contends that defendant was negligent as a matter of law and that the trial court erred in not granting his motion for a directed verdict. We disagree. The law is well settled in our jurisdiction that most cases involving negligence are not susceptible to summary disposition, finding a defendant negligent as a matter

of law. *Singleton v. Alexander,* 19 Utah 2d 292, 431 P.2d 126 (1967). Unless the evidence is free from doubt so that all reasonable men would come to the same conclusion, negligence is a question of fact to be decided by the jury. *Little America Refining Co. v. Leyba,* Utah, 641 P.2d 112 (1982); *FMA Acceptance Co. v. Leatherby Ins. Co.,* Utah, 594 P.2d 1332 (1979); *Webb v. Olin Mathieson Chemical Corp.,* 9 Utah 2d 275, 342 P.2d 1094 (1959); *Ward v. Denver & R.G.W.R. Co.,* 96 Utah 564, 85 P.2d 837 (1939); *Newton v. Railroad Co.,* 43 Utah 219, 134 P. 567 (1913). Where doubt exists, a party should be required to go to trial. *Rees v. Albertson's, Inc.,* Utah, 587 P.2d 130 (1978). Moreover, it is the prerogative of the jury to believe one witness over another and to weigh the evidence. See *Hindmarsh v. O.P. Skaggs Foodliner,* 21 Utah 2d 413, 446 P.2d 410 (1968). On appeal we will review the jury's verdict in a light most favorable to the prevailing party. *Lamkin v. Lynch,* Utah, 600 P.2d 530 (1979), and accord the evidence presented and every reasonable inference fairly to be drawn therefrom the same degree of deference. *Webb v. Olin Mathieson Chemical Corp.,* supra.

■ Plaintiff reasons that defendant's failure to keep a proper lookout was negligence as a matter of law and thus that issue should not have been submitted to the jury to be decided. But we have heretofore held that what constitutes a proper lookout is a question for the jury as the individual fact situation in each case does not lend itself to a rigid application of any rule, but demands instead a determination of the conditions as they existed at the time of the accident. *Durrant v. Pelton,* 16 Utah 2d 7, 394 P.2d 879 (1964). The defendant elicited testimony that the speed of 15 to 20 miles per hour under the circumstances was prudent and reasonable; that neither the plaintiff, his wife, nor the defendant discerned the pocket until the group was right on top of it. No one had time to cry out or anticipate the dive off the ledge in any manner. Mrs. Anderson did not see the hazard until the front wheel under her left the ground.

None of the three had time for any instinctive reaction to the phenomenon suddenly before them. The negligence of the defendant in this situation had to be determined by the standard of ordinary care exercised by a reasonably prudent person under the same circumstances. As such it became a question of fact properly submitted to the jury and the denial of plaintiff's motion for a directed verdict was not error.

■ The plaintiff relies upon the following decisions of this Court which have held that a driver is chargeable with seeing objects and persons which are upon the highway in plain sight, and urges that since the defendant's view was unobstructed he had no legal excuse for failing to observe the dropoff. *Henderson v. Meyer,* Utah, 533 P.2d 290 (1975); *Solt v. Godfrey,* 25 Utah 2d 210, 479 P.2d 474 (1971); *Dalley v. Mid-Western Dairy Products Co.,* 80 Utah 331, 15 P.2d 309 (1932). We believe that those cases are not applicable in this instance where the parties were not travelling a public highway which had been designed and engineered for safety, and upon which objects and persons could be readily seen if the driver were exercising due care in being observant. We are confronted here with the parties travelling off the highway in a recreational vehicle up an unmarked sand dune whose contour is continually changed by the wind, making the surface deceptive and providing thrills to those who seek to traverse it. It is obvious that any comparison of this case to highway accident cases is limited.

## II.

Plaintiff's second assignment of error deals with the trial court's refusal to grant a new trial based on plaintiff's allegation that the verdict was not supported by the evidence.

■ The trial court has wide discretion to grant or deny a motion for a new trial and we do not reverse a denial unless the "evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." [Citations omitted.] *Nelson v. Trujillo,* Utah, 657 P.2d 730 (1982). The evidence sufficiently supported the verdict of no negligence where the defendant and others had testified that the ridge in front of them seemed to continue in an unbroken line to the top and that as a result of the flat light it would be impossible for anyone to notice the pocket until it was too late. *Collier v. Frerichs,* Utah, 626 P.2d 476 (1981). In light of that evidence the jury could have reasonably found that the defendant was not negligent in any manner, and it was well within the trial court's discretion to deny plaintiff's motion for a new trial after the verdict was returned. *Lamkin v. Lynch,* supra. As long as that discretion is not abused, this Court cannot interfere. *Trimble et ux. v. Union Pacific Stages et al.,* 105 Utah 457, 142 P.2d 674 (1943).

## III.

We next address plaintiff's assignment of error with respect to three instructions that were given over his objections.

■ At the request of the defendant, the court gave Instruction No. 23 pertaining to sudden and unexpected peril. The instruction stated that a person who, without negligence on his part, is suddenly and unexpectedly confronted with peril to himself or others, is not expected nor required to use the same judgment and prudence as may be required of him in calmer and more deliberate moments. The plaintiff assails the giving of that instruction on the ground that any emergency confronting the defendant was occasioned by his own prior neglect in failing to keep a proper lookout. We find that the giving of the instruction was proper since it presented the defendant's theory of the case that he had not acted negligently in driving up the dune, that his speed and lookout were proper, that it was only because he had been deceived by the sand and shadows that he failed to perceive the existence of the pocket, and that once peril was evident, he did all within his power to bring the vehicle under control. Since both plain-

174

tiff and defendant concede that there was really nothing the defendant could then do, the instruction may have been unnecessary, but it could not have been harmful to plaintiff. Plaintiff has cited us to several cases in support of his position, but they are readily distinguishable. A jury instruction on unexpected danger was reversible error because the driver himself created the emergency through his own negligent conduct. *Keller v. Shelley*, Utah, 551 P.2d 513 (1976). The instruction on unexpected peril was improper because the defendant was speeding through a residential zone when he hit a small child he had noticed for some time. Again, the peril did not arise without fault on the part of the defendant. *Solt v. Godfrey*, supra. The trial court's refusal to give an instruction on sudden emergency was upheld as proper where the emergency created was not one which arose without fault on the part of the intoxicated plaintiff. *Gittens v. Lundberg*, 3 Utah 2d 392, 284 P.2d 1115 (1955). Conversely, if the defendant's evidence were to be believed, there was no prior negligent conduct on his part. The flat light created an optical illusion so deceptive that it defied detection. In light of that evidence, it was proper for the trial court to instruct the jury on sudden peril.

■ Instruction No. 24 dealing with unavoidable accident was objected to by the plaintiff on the ground that such an instruction is not proper where the negligence of a party puts him in a position that an accident is inevitable. Plaintiff refers us to *Stringham v. Broderick*, Utah, 529 P.2d 425 (1974), where this Court affirmed the refusal of the trial court to give a like instruction reasoning that "[i]t is only in a rare case that an instruction on unavoidable accident is applicable ... The issue of unavoidable accident arises only where the evidence shows that the accident happened from an unknown or unforeseen cause or in an unexplainable manner which circumstances rebut the defendant's alleged negligence." *Id.* at 426. We submit that the jury could view this as such a rare case. In light of the defendant's evidence it was proper for the trial court to instruct the

jury on this theory of defendant's case. In *Stringham v. Broderick*, supra, the defendant rear-ended the plaintiff's vehicle on a public highway in a dust storm. As noted ante, highway accident cases are of doubtful precedent in this case involving a specially constructed recreational vehicle on treacherous open terrain.

Lastly, plaintiff contends that it was error for the trial court to give the jury Instruction No. 17, defining and explaining the concept of assumption of risk. He argues that the submission of that issue to the jury was unjustified as there was no evidence that he knew of the risks inherent in dune buggy riding. Neither he nor his wife had ever been in a dune buggy before. In support of his argument he relies on three cases which involved accidents of recreational vehicles. *Wagner v. Hazelquist*, La. App., 347 So.2d 1265 (1977), 2 A.L.R. 4th 779 (1980); *Olson v. Hansen*, 299 Minn. 39, 216 N.W.2d 124 (1974); *Ujifusa v. National Housewares, Inc.*, 24 Utah 2d 219, 469 P.2d 7 (1970). In all of them the refusal of the trial court to give an instruction on assumption of risk or to find assumption of risk was affirmed because of the lack of evidence that the plaintiff was either knowledgeable or experienced concerning the particular vehicle. The defendant counters that the plaintiff had been the owner of boats and snowmobiles in which he had experienced accidents, and also that plaintiff saw the roll bars on the dune buggy which he knew were there to mitigate injury in the event of an accident.

■ It was error to have given Instruction No. 17. *Moore v. Burton Lumber & Hardware Co.*, Utah, 631 P.2d 865 (1981). However, even though the jury found in its special verdict that the plaintiff had assumed the risk of injury, it had previously determined in three separate interrogatories that the defendant was free from negligence in (1) keeping a proper lookout, (2) driving at a safe, reasonable and prudent speed under the circumstances, and (3) keeping the dune buggy under reasonable and safe control. They further answered

that no negligence of the defendant was a proximate cause of the accident. In light of these responses, it is not likely that the jury's verdict would have differed had the instructions on assumption of risk not been given. It follows then that the error in submitting the instruction was harmless and did not prejudice the plaintiff's case. Moreover, a subsequent interrogatory in the special verdict made it clear that any assumption of risk by the plaintiff was "considered as negligence" and directed the jury to determine the negligence of each party, which combined should total 100%. This interrogatory (although not answered by the jury) negated any harm Instruction No. 17 could have created. We have heretofore held that whether the giving of an instruction constitutes reversible error must be determined by whether all the instructions read in harmony fairly presented to the jury in a clear and understandable way the issues of fact and applicable law. *Lamkin v. Lynch,* Utah, supra; *Calahan v. Wood,* 24 Utah 2d 8, 465 P.2d 169 (1970). Interrogatories submitted to a jury on a special verdict should be construed in a similar light. *Moore v. Burton Lumber & Hardware Co.,* supra.

Although we find no prejudicial error in the giving of Instruction No. 17, we call attention to our opinion in *Moore v. Burton Lumber & Hardware Co.,* supra, and *Meese v. Brigham Young University,* Utah, 639 P.2d 720 (1981), that assumption of risk should not be treated separately from contributory negligence in comparative negligence cases.

The judgment below is affirmed. Costs awarded to respondent.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.